Kirk v. Kane.

JAMES A. KIRK, Respondent, v. W. B. KANE, Appellant.

Kansas City Court of Appeals, January 5, 1903.

Appellate Practice: ABSTRACT: FILING MOTION FOR NEW TRIAL. That a motion for new trial was filed must be shown by the abstract of the record proper, and a mere recitation of its filing in the bill of exceptions is insufficient.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Howard Gray* for appellant.

Filed brief and argument on merits.

*J. W. McAntire* and *E. O. Brown* for respondent.

While what purports to be the bill of exceptions is copied into the printed abstracts of the record, there appears to be nothing contained in the record proper showing the filing of such bill of exceptions. This is fatal. It has been uniformly held that a bill of exceptions can not prove itself. As no such entry appears in the abstract of the record proper, the bill of exceptions can not be noticed. State v. Ryan, 120 Mo. 88; Lawson v. Mills, 150 Mo. 428; Storage & Warehouse Co. v. Glasner, 150 Mo. 426; Butler County v. Grady, 152 Mo. 441; Shoe Co. v. Williams, 91 Mo. App. 511.

SMITH, P. J.—This case was here by appeal on a former occasion, as may be seen by reference to 87 Mo. App. 274, when the judgment of the circuit court was reversed and the cause remanded. Since then there has been another trial in which the plaintiff had judgment and the defendant appealed.

The plaintiff in his brief insists that the appeal should be denied for the reason no entry appears in the abstract showing the filing of what purports to be a bill of exceptions. The defendant before the cause was submitted filed an additional abstract. The original abstract was not only defective in the particular suggested by the plaintiff, but it was further defective in that it did not show that a motion for a new trial had been filed, and this latter defect the additional abstract did not supply. It is true there is a statement in the bill of exceptions wherein it is recited that such motion was filed, but as was in substance said by us in the like case of Turney v. Ewins—just decided—the filing of the motion is a matter of record proper and is not evidenced by the bill of exceptions. Hill v. Combs (not yet reported); Crossland v. Admire, 149 Mo. 650; Lawson v. Mills, 150 Mo. 428; Western Storage Co. v. Glasner, 150 Mo. 426.

The action of the trial court in sustaining or overruling a motion for a new trial is a matter of exceptions which the bill of exceptions must show was acted on and exceptions duly saved, but the evidence of the filing of the motion, under the rulings in the cases just cited must be found in the abstract of the record proper. Matters of mere exception belong to the bill of exceptions and can not be proven by the recitals on the record proper (Nichols v. Stevens, 123 Mo. 1. c. 119) and the other matters belonging to the record proper can not be proven by recitation in the bill of exceptions.

Since the abstract of the record proper does not show that a motion for a new trial was filed, and since no error appears upon the face of that record, we will affirm the judgment. All concur.