ALBERT TURNEY, Respondent, v. FRANK P. EWINS, Appellant.

Kansas City Court of Appeals, January 5, 1903.

1. **Appellate Practice: ABSTRACT: SUPPLEMENT.**  A supplemental abstract supplying the defects of the original one may be filed any time before the cause is submitted.

2. ———: ———: ———: **MOTION FOR NEW TRIAL: RECORD.** A supplemental abstract should be such that, taken with the original the record will be abstracted as contemplated by the statute and rules of court, and where the two taken together fail to show by a record entry the filing of a motion for new trial, they are insufficient.

3. ———: **MOTION FOR NEW TRIAL: RECORD ENTRY: EXCEPTIONS.** The recitation in the bill of exceptions that a motion for new trial was filed can not be noticed, nor can exceptions recited in the record proper.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*Brown, Harding & Brown* for respondent.

(1)   This appeal is prosecuted under the short form provided by section 813, Revised Statutes 1899, and it was appellant's duty to file printed abstracts of

the entire record; said record so filed does not show that any judgment was rendered on the verdict found by the jury.  Sec. 813, R. S. 1899; Wilson v. Railway, 120 Mo. 60.  (2) The record filed by appellant shows that motion for new trial was overruled on Saturday, December 7, 1901, and that the appeal was taken Monday, January 6, 1902; but does not show that the appeal was had at the same term of court that the motion for new trial was overruled.  Sec. 808, R. S. 1899.  (3) The record filed by appellant fails to show that the bill of exceptions in this case was ever filed.  "Neither the indorsement of the clerk on the bill of exceptions 'filed' with day and date, nor the statement of the judge that it is signed, sealed and made a part of the record, nor both, will suffice.  There must be a record entry that it was filed."  Williams v. Williams, 26 Mo. App. 409; Finlay v. Gill, 80 Mo. App. 58; Sec. 728, R. S. 1899.

*Ellis, Cook & Ellis* for appellants.

(1)  To save any possible question on the technicality sought to be raised on the sufficiency of the printed abstract, we make, serve and file an additional abstract showing that the foundations for this appeal were all laid with technical exactness.  This, under the authority of Lane v. Railroad, 132 Mo. 4, we have the undoubted right to do.

ELLISON, J.—Plaintiff is an architect and brought this action to recover for services he claims to have rendered the defendant.  The judgment in the trial court was for plaintiff.

Plaintiff has asked in his brief that the appeal be dismissed on account of defective abstract filed by defendant; in that it did not set out or recite that a judgment was rendered, or that a bill of exceptions was filed, or that time was extended for filing.  Afterwards, defendant filed a supplemental abstract showing these things and plaintiff thereupon asks us to strike such last abstract from the files.  Under the rulings of the

Supreme Court an appellant may so supplement his defective abstract at any time before the cause is submitted. Lane v. Railroad, 132 Mo. 11; Ricketts v. Hart, 150 Mo. 67.

But such supplemental abstract, of course, must be such that when taken with the principal abstract the case will be abstracted as contemplated by the statute and the rules of court. In the present instance the original abstract was not only deficient in the matters above stated, but it is also deficient in that it is not made to appear that any motion for new trial was filed. The supplemental abstract fails to remedy this. There is a statement in the bill of exceptions that such motion was filed, but the filing of a motion for new trial is a matter of record proper and is not evidenced in the bill of exceptions. It has no place in the bill of exceptions. Hill v. Combs (not yet reported) ; Crossland v. Admire, 149 Mo. 650; Lawson v. Mills, 150 Mo. 428; Western Storage Company v. Glasner, 150 Mo. 426.

The action of the court in sustaining or overruling a motion for new trial is a matter of exception and the bill of exceptions properly shows, indeed must show, a motion for new trial and that it was acted on and exceptions saved. But the evidence of the filing of such motion, under the rulings aforesaid, must be had in the record proper. Matters of mere exception belong to the bill of exceptions and can not be proven by recitation in the record. Nichols v. Stevens, 123 Mo. 96, 119. On the other hand, matters of the record proper can not be proven by recitation in the bill of exceptions. Authorities supra.

We therefore have no motion for new trial which disposed of the matters of exception complained of, and not finding any error in the record we affirm the judgment. All concur.