L. H. GREENWOOD, Trustee, Appellant, v. PARLIN & ORENDORFF COMPANY, Respondent.

Kansas City Court of Appeals, February 16, 1903.

Appellate Practice: ABSTRACT: MOTION FOR NEW TRIAL: APPEAL: FILING BILL OF EXCEPTIONS: AFFIDAVIT. An abstract failing to show the filing of a motion for new trial, or the order granting an appeal, or showing that the bill of exceptions was not filed at the term, and without showing an order extending the time to file such bill, or failing to show an affidavit of appeal, is fatally defective.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

APPEAL DISMISSED.

*Gilmore & Brown* and *Ellis, Cook & Ellis* for appellant.

Filed brief on merits.

*Beardsley, Gregory & Kirshner* and *Hutchings & Keplinger* for respondent.

Filed brief on merits.

SMITH, P. J.—This is an action under section 60b of the bankruptcy law 1898 to set aside an alleged unlawful preference and to recover the value thereof. As none of the questions which were discussed and submitted to us for decision at the oral argument and in the briefs of counsel properly arise on the record, they can not be considered.

Turning to the abstract of the record proper, we find nothing but the pleadings and judgment, supplemented with a recital that on a certain day and year a bill of exceptions was filed in the case. Such an abstract is insufficient for the following reasons: (1)

Because it nowhere recites that a motion for a new trial was filed. It is true there is a recital in the bill of exceptions that such motion was filed, but this will not suffice for it is now well settled that the filing of such a motion is a matter that must be shown by the record proper and can not be evidenced by any recital in the bill of exceptions. It has no place in the bill of exceptions. Hill v. Combs (not yet reported); Bram v. Miller (not yet reported); Turney v. Ewins, 97 Mo. App. 620; Kirk v. Kane, 97 Mo. App. 556; Crossland v. Admire, 149 Mo. l. c. 656; Lawson v. Mills, 150 Mo. 428; Storage Co. v. Glasner, 150 Mo. 426. (2) Because such abstract does not recite any order granting an appeal. This defect is fatal to the appeal. Harper v. Oil Co., 74 Mo. App. 645; Meyers v. Meyers, 19 Mo. App. 140; Swank v. Swank, 85 Mo. 198; Ray v. Ray, 49 Mo. 301; State ex rel. v. Railroad, 84 Mo. 129. The recital in the bill of exceptions of the fact that an appeal was taken does not evidence the fact. It must appear from the abstract of the record proper. (3) Because it appears the bill of exceptions was not filed during the term it was taken, but after that term had elapsed, and it nowhere appears in the abstract of the record proper that there was any order entered of record (section 728, Revised Statutes) extending the time for filing such bill. Such an extension can not be shown by the recitals in the bill of exceptions but must appear from the abstract of the record proper. And (4) because the affidavit required for an appeal by section 808 Revised Statutes is nowhere to be found in the abstract. The recital of the bill of exceptions that there was an affidavit, is insufficient. The affidavit or its substance should be shown in the abstract of the record. Without a statutory affidavit we are without jurisdiction. Sehested v. Kansas City (not yet reported), and cases there cited.

It results that the appeal must be dismissed. All concur.