## WILLIAMS et al., Appellants, v. HARRIS, Respondent.

### St. Louis Court of Appeals, February 21, 1905.

1. **APPELLATE PRACTICE: Bill of Exceptions: Record Proper Must Show ·Filing.** The abstract of the record authorized by section 813 of the Revised Statutes of 1899, to be filed by the appellant in the court of appeals, must show by the record proper the filing of the bill of exceptions and an extension of time for filing the same if filed after the term.

2. ———: ———: **Recitals.** The recital of such orders in the bill of exceptions will not supply the omission of them from the abstract of the entries upon the record proper.

3. ———: **Abstract of Record.** The abstract of the "entire record," authorized by the said section 813, in lieu of a full transcript, must include the orders upon the record proper as well as the matters contained in the bill of exceptions.

Appeal from Lawrence Circuit Court.—*Hon. H. C. Pepper,* Judge.

APPEAL DISMISSED.

*John A. Williams, pro. se,* and *H. H. Bloss* for appellants.

It was not necessary that the abstract set out the orders extending the time, it was sufficient to merely state their substance as this one does. Ricketts v. Hart, 150 Mo. 64, 51 S. W. 825. Or to use the language of the decision, "A narrative of the several steps is held sufficient as the statute contains within itself the means of protecting this court against imposition." McDonald v. Hover, 142 Mo. 484, 44 S. W. 334; Kincade v. Griffith, 64 Mo. 676; Stewart v. Sparkman, 69 Mo. App. 456; State v. Craft, 164 Mo. 631, 65 S. W. 280; State v. Brown, 119 Mo. 527, 24 S. W. 1027, 25 S. W. 200.

*Henry Brumback* for respondents.

(1) Appellants' abstract of the record presents nothing to this court for review. Nothing at all has been printed, except the bill of exceptions. No order of court is shown touching the filing of a bill of exceptions and no order of court extending the time for such filing, and these, alone, are fatal. St. Charles ex rel. v. Deemar, 174 Mo. 122, 74 S. W. 369. (2) The abstract does not contain the affidavit for appeal or order granting appeal, or any order extending time for filing a bill of exceptions, nor any part of the record, save the unauthenticated bill of exceptions. Hence there is not even a record here for review. The bill of exceptions is not the proper receptacle for any of these, and recitals therein cannot supply the production of such of them as appear therein. Walser v. Wear, 128 Mo. 652, 31 S. W. 37; Greenwood v. Parlin & Orendorff Co., 98 Mo. App. 407, 72 S. W. 138; Parry v. Coffee & Spice Co., 98 Mo. App. 410, 72 S. W. 130; McCormick Co. v. Crawford, 98 Mo. App. 323, 72 S. W. 491; Hughes v. Henderson, 97 Mo. App. 312; Byrdick v. Life Assn., 86 Mo. App. 94; Shoe Co. v. Williams, 91 Mo. App. 511.

NORTONI, J.—This case is brought here by the short form, transcript of the judgment and order granting the appeal. That which purports to be the abstract of the record is as follows:

"ABSTRACT OF RECORD.

"Appellant submits the following abstract as set-ting forth so much of the record as is necessary to a complete and full understanding of all questions presented to this court for decision." And thus the abstract ends. Then follows the title:

"BILL OF EXCEPTIONS."

This bill of exceptions contains the petition, remonstrance and several motions in a public road case, together with evidence of witnesses, the finding and judgment of the court thereon, motion for a rehearing and a statement that said motion was overruled and exceptions saved. The bill of exceptions also contains a recital that time was given appellants for the filing of the bill; also two other recitals that at different times named the time for filing the bill was extended and it concludes as follows: "And now on this tenth day of December, 1904, within the time allowed by the court for filing their bill of exceptions in said cause, the plaintiffs present their bill of exceptions in this cause and pray that the same may be signed, sealed and made a part of the record in said cause, which is accordingly done. Henry C. Pepper, circuit judge of Lawrence county." Outside of this bill of exceptions not a single record entry appears showing the bill was ever filed.

In such case there is nothing for this court to review except the record proper. [St. Charles ex rel. v. Deemar, 174 Mo. 122, 73 S. W. 469.]

There is no record proper here other than the judgment and order granting an appeal and they are in the usual and approved form.

There is no transcript of the record of an order of court before us granting time in which to file bill of exceptions nor of any order granting an extension of that time, hence no authority appears for ordering the filing of the bill December 10, 1904, as appears from the judge's certificate, supra. There must be some authority *aliunde* the bill authorizing its filing; the record must show that. The bill cannot be permitted to prove itself. There is indorsed on the bottom of the bill of exceptions, to-wit: "Filed December 14, 1904. M. B. Gardner, Circuit Clerk, as indicated above said bill of exceptions was duly signed by the judge of said court on December 10, 1904, and duly filed in the office of the clerk of said court on December 14, 1904, and thus became a part of the record in said cause." This quotation does not purport to be any part of the record. That portion of it, however, commencing with the word "filed," and concluding with the word "clerk" (inclusive of both words) no doubt is the indorsement of the clerk on the bill showing the filing of the same in his office. The remainder of the statement, however, is only a recital of a fact which does not appear by any record before us nor in the bill. Our Supreme Court, however, has settled this question in the following language: "Even if it appeared that the bill had been filed, its recitals could not supply the other necessary record entries." [St. Charles v. Deemar, supra; Butler County v. Graddy, 152 Mo. 441.] A recital in a bill of exceptions of matters which are a part of the record proper will not supply the omission of those matters from the transcript of such record. [Western Storage Co. v. Glasner, 150 Mo. 426, 52 S. W. 237; Walser v. Wear, 128 Mo. 652, 31 S. W. 37; State v. Harris, 121 Mo. 445, 26 S. W. 558.]

Ricketts v. Hart, 150 Mo. 64, 51 S. W. 825, cited by appellant cannot help him in this case. The court there says (l. c. 68): "It has been uniformly ruled by this court that the record proper must, if in term time,

show the filing of the bill of exceptions, and, if the time *be extended in term time, the record proper must show it* and the minute of the clerk in vacation must show the filing within the time allowed." (The italics are our own.)

That portion of section 813, Revised Statutes 1899, under which this appeal is attempted, authorizing appeals by filing in this court, "in lieu of a full transcript, a certified copy of the judgment . . . appealed from . . . together with the order granting the appeal," requires appellant to ·"file printed abstracts *of the entire record* of said cause in the office of the clerk of such appellate court." There is no printed abstract of any part of the record filed here, much less of the "entire record."

For the reasons stated, the appeal must be dismissed. It is so ordered. All concur.