BRADBURY, Respondent, v. KERNS, Appellant.

**St. Louis Court of Appeals, November 14, 1905.**

1. **APPELLATE PRACTICE: Abstract of Record: Motion for new Trial.** An abstract of the record required by section 813, Revised Statutes of 1899, must affirmatively show, from the record proper, that the motion for new trial was filed, and the bill of exceptions must show that such motion was overruled and exception to the ruling saved, otherwise there is no bill of exceptions to review.

2. ————: **Bill of Exceptions: Extension of time for Filing.** The record proper must show the filing of a bill of exceptions, and if the time for such filing has been extended in term time the record proper must show such extension; and if the bill is filed in vacation, the minutes of the clerk must show the filing, otherwise there is no bill of exceptions to review.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Wm. A. Kinnerk* and *John A. Gernez* for appellant.

*Jeptha D. Howe* and *Alphonso Howe* for respondent.

NORTONI, J.—This action originated before a justice of the peace and found its way into the circuit

court. On motion, the court dismissed the appeal. The judgment of the circuit court which is appealed from herein and which is here for review, was entered at the February term of that court and by it, the appeal from the justice was dismissed. An appeal from this judgment was perfected to this court at that term by the short form provided for in section 813, Revised Statutes 1899, and appellant was given until and including April 24, 1905, in which to file his bill of exceptions, as appears from the order granting the appeal. There is no abstract of the entire record as is required by section 813, Revised Statutes 1899, on file here. It does not appear that the circuit court was called upon by motion for a new trial or rehearing, to review its action in dismissing the appeal. The motion for new trial is required by the statutes to be entered upon the clerk's minutes and must therefore go upon the record. It must also appear in this court or else the presumption will be indulged that no such motion was filed and that the trial court was not given an opportunity to review the alleged error. The record must affirmatively show that there was such motion for new trial filed and the bill of exceptions must show that such motion was overruled and exceptions saved thereto. None of these things appear here. [Greenwood v. Parlin & Orendorff, etc., 98 Mo. App. 407, 72 S. W. 138; Turney v. Ewings, 97 Mo. App. 620, 71 S. W. 543; Kirk v. Cane, 97 Mo. App. 556, 71 S. W. 463; Hill v. Combs, 92 Mo. App. 242; Lawson v. Mills, 150 Mo. 428, 51 S. W. 678; Western Storage Co. v. Glasner, 150 Mo. 426, 52 S. W. 237; Crossland v. Admire, 149 Mo. 650, 51 S. W. 463.]

Although appellant was given time to file his bill of exceptions, nothing before us shows that the bill was ever filed and this must also affirmatively appear, else this court will have no official information that the things therein mentioned are parcel of the record and open to review as such. The bill of exceptions becomes a part of the record by being filed. Upon its being filed

by order of the judge, it is thus attached to and made a part of the record. The record thus proves the integrity of the bill of exceptions and it is thereupon entitled to consideration in this court. It has therefore been the uniform rule obtaining in this and other appellate courts that the record proper, if in term time, must show the filing of the bill and if the time has been extended in term time, the record proper must show such extension and the minute of the clerk in vacation must show the filing of the bill within the time allowed. The abstract of the record in this court must show at least a sufficient recital of these several entries appearing on the record proper. [Williams v. Harris, 110 Mo. App. 538, 85 S. W. 643; School Dist. v. Boyle, 113 Mo. App. 340, 88 S. W. 136; Jordan v. Railway Co., 92 Mo. App. 81; St. Charles ex rel. v. Deemar, 174 Mo. 122, 73 S. W. 469; Ricketts v. Hart, 159 Mo. 64, 51 S. W. 825.]

The matters and things complained of in appellant's brief pertain entirely to the rulings of the trial court on certain motions which appear here in the abstract. These motions are no part of the record proper and have no place in the abstract thereof. They and the rulings thereon are proper matter of exception and must appear in the bill of exceptions and be impressed with the verity of the bill before they can be noticed or reviewed in an appellate court. As there is no bill of exceptions in the case as appears from the abstract, there is nothing here to review, other than the record proper, and that is not challenged.

The judgment of the trial court will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.