Mason v. Smith.

MASON et al., Respondents, v. SMITH et al., Defend-
ants, DIETRING et al., Appellants.

**St. Louis Court of Appeals, April 30, 1907.**

1. **APPELLATE PRACTICE: Record Proper: Motion for New Trial and in Arrest.** Where the abstract of appellant does not show the filing of a motion for new trial or motion in arrest of judgment by the record proper, the matters contained in the bill of exceptions cannot be considered.

2. ———: ———: ———: **Dismissal of Appeal.** But where it appears that the bill of exceptions was filed in due time in compliance with the order of court, the court will dismiss the appeal instead of affirming the judgment.

3. ———: **Equity: Reviewing the Evidence.** In an equitable action the appellate court is not bound by the trial court's finding of facts, but may review the entire evidence and to that end it is proper that all the evidence should be presented to the court in the abstract of the record.

Appeal from St. Louis City Circuit Court.—*Hon. Wm.
M. Kinsey,* Judge.

APPEAL DISMISSED.

*Stern & Haberman* and *George H. Moore* for appellants.

*Brownrigg & Mason* for respondents.

(1) There is nothing in the so-called abstract of the record, or in anything on file in this court except recitals in the bill of exceptions itself, to show that any bill of exceptions was ever filed, or any motion for new trial, therefore, this court can not consider any matter of exception to the action of the court below. Bradbury v. Kerns, 115 Mo. App. 99; Bailey v. McWilliams, 111 Mo. App. 35; Allen v. Aylor, 111 Mo. App. 257; Bower v. Daniel (Mo.), 95 S. W. 347; St. Charles ex rel. v. Deemar, 174 Mo. 122; Butler County v. Graddy, 152 Mo.

441; Rickets v. Hart, 150 Mo. 64; Lawson v. Mills, 150 Mo. 428; Western Storage, etc., Co. v. Glasner, 150 Mo. 426; Crossland v. Admire, 149 Mo. 650; Walser v. Wear, 128 Mo. 652; Pope v. Thompson, 66 Mo. 661; Everett v. Butler, 192 Mo. 564. (2) In an equity cause, this court will not review the action of the court below with a view to determining whether or not the evidence was sufficient to justify its decree, unless the bill of exceptions contains the whole of the evidence, in the absence of an agreement between appellants and respondents for an abbreviated form. Rule XII, St. Louis Court of Appeals; Mitchell v. Mitchell, 191 Mo. 475; Harrison v. Pounds, 190 Mo. 349; Brand v. Cannon, 118 Mo. 595; Reed v. Peck, 163 Mo. 333; Davis v. Vorhees, 141 Mo. 234; Ogelboy v. Kansas City, 71 Mo. App. 339; Smith v. Baer, 166 Mo. 404; Williams v. Straub, 168 Mo. 346; Mercantile Co. v. Thurmond, 186 Mo. 429; Wilds v. German, etc., Co., 65 Mo. App. 80. (3) Where it is palpable that an abstract is utterly insufficient, no leave should be given to amend it. Western, etc., Co. v. Kolkmeyer, 91 Mo. App. 286; Vandeventer v. Goss, 190 Mo. 239.

NORTONI, J.—In this case the abstract of record is quite insufficient and counsel for respondent insist upon their right to have the same so adjudged. In view of their motion directing the attention of the court thereto and the insistence thereon, it becomes our duty to ascertain and determine what matters are presented and what matters are open for consideration on the appeal. As the record now stands, we ascertain therefrom that the suit is in equity for injunctive relief, which was decreed to the plaintiff in the court below and the defendants appeal by means of the short form provided for in section 813 of our statutes; i. e., no full transcript is on file here. The defendants have filed a printed volume, designated "Appellant's abstract in lieu of a complete

record" So much of that document which purports to be an abstract of the record proper is contained in pages one to eighteen, inclusive, and a short typewritten entry pasted on page 102, the final and concluding page thereof. In none of these pages purporting to present an abstract of the record proper, does there appear to have been filed a motion for new trial or in arrest of judgment. Indeed there is incorporated in the bill of exceptions a recital to the effect that such motions were filed, overuled etc., and the motions themselves are there copied, as well, but this is not sufficient. It is well settled the record proper must show that such motions were filed and overruled. As has been said, the fact of their having been filed and that they were overruled must appear *dehors* the bill and as parcel of the record proper, which record proper can be exemplified to this court only by recitals in the abstract separate and distinct from the bill of exceptions. [Jordan v. Railway Co., 92 Mo. App. 81; Kirk v. Kane, 97 Mo. App. 556. 71 S. W. 463; McCormick v. Crawford, 98 Mo. App. 319, 323, 72 S. W. 491; Crossland v. Admire, 149 Mo. 650, 51 S. W. 463; Turney v. Ewins, 97 Mo. App. 620, 71 S. W. 543; Hill v. Coombs, 92 Mo. App. 242.] These motions and the rulings thereon are proper matters of exception and it is true the motions themselves and the rulings thereon, together with the exceptions saved against such ruling should be preserved in the bill of exceptions, as the bill is the only repository known to the law for matters of exception, and just as an exception would be improperly presented here outside of the bill, so are the orders of the court or abstract thereof or other matters of the record proper, entirely out of place in the bill. [Turney v. Ewins, 97 Mo. App. 620, 71 S. W. 543; Nichols v. Stevens, 123 Mo. 96, 119, 25 S. W. 578, 27 S. W. 613; Jordan v. Railway, 92 Mo. App. 81.] The record proper, as abstracted, failing to show such motions were filed and overruled, the court is precluded by the authorities cited from an

examination of the merits of the controversy.    It appearing that the bill of exceptions was filed in due time and in compliance with the order of the court in that behalf, under the authority of Jordan v. Railway, supra, we are compelled to dismiss the appeal instead of affirming the judgment.

The cause seems to be important.    This fact suggests that as ample remedy and time remain for review on writ of error it may find its way into this court again, wherefore we may be pardoned in suggesting to the learned counsel that inasmuch as the case is of equitable cognizance, although much deference is due and always accorded the finding of facts made by the learned trial judge, this court is not precluded thereby as is the rule with respect to cases at law.    It is therefore important to bring and exhibit here the entire evidence to this end, otherwise the facts will not be reviewed, and the usual presumptions will be indulged in support of the decree.    [See McKinney v. Northcutt, 114 Mo. App. 146, 89 S. W. 351.]    The abstracts now on file purport to present only portions of the proof.

For the reason the abstract of record fails to show, by recital or otherwise, the filing and overruling of motions for new trial and in arrest of judgment in the court below, the appeal is dismissed.    It is so ordered.    *Bland, P. J.,* and *Goode, J.,* concur.