## WILBRANDT, Respondent, v. THE LACLEDE GAS LIGHT COMPANY, Appellant.

St. Louis Court of Appeals, January 12, 1909.

APPELLATE PRACTICE: Motion for New Trial: Exceptions. Unless exceptions be saved and preserved in the bill of exceptions to the action of the trial court in overruling a motion for new trial, the appellate court can not review any errors assigned, based upon the exceptions taken. The saving of exceptions to the action on motion for new trial must affirmatively appear on the face of the record.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*I. H. Lionberger* for appellant.

*F. A. & L. A. Wind* for respondent.

NORTONI, J.—In this case the plaintiff recovered in the circuit court and defendant prosecutes the appeal. The defendant requested the court to peremptorily direct a verdict for it on the pleadings and evidence. The instruction was refused, over defendant's exception, and the sole complaint here relates to the action of the court in that behalf. The appeal is on the short form, provided for by section 813, Revised Statutes 1899 (sec. 813, Mo. Ann. St. 1906). Although a motion for new trial was filed in due time and overruled by the court, it does not appear that an exception was taken to the action of the court thereon. The law is abundantly settled to the effect that unless an exception be saved

and preserved in the bill to the action of the court in
overruling a motion for new trial, it is not permissible
for the appellate court to review any question touching
the several matters of exception otherwise presented.
That is, under such circumstances, the court will not
review any matter of exception unless a final exception
is preserved and lodged in the bill against the action
of the court in overruling the motion for new trial.   The
following cases are in point:   Abbott v. Gillum, 146
Mo. 176; Ross v. Railway, 141 Mo. 390; Danforth v.
Railway, 123 Mo. 196; State ex rel. v. Hitchcock, 86
Mo. 231; Bradbury v. Kerns, 115 Mo. App. 99.    This
rule is strictly followed and rigorously applied even in
criminal cases, notwithstanding our statute command-
ing the appellate court to examine the record in a crimi-
nal cause for error at all events, as will appear by
State v. Luttrell, 136 Mo. 25; State v. Murphy, 126 Mo.
526; State v. Harvey, 105 Mo. 316.   Although the mo-
tion for new trial itself is not a part of the record
proper and is wholly out of place when attempted to be
exemplified to this court as parcel thereof, the truth is
it is equally out of place in the bill of exceptions unless
an exception be preserved to the action of the court in
overruling the same.   In other words, the action of the
court in overruling the motion for a new trial and the
motion itself become matter of exception and admis-
sible as such in the bill only by reason of the fact that
an exception is preserved thereto.   Otherwise the right
of the party to complain of the ruling of the court there-
on is waived.   [State v. Harvey, 105 Mo. 316.]    And
that an exception was saved and preserved in the bill
to the action of the court in overruling the motion, must
affirmatively appear on the face of the record presented
to the appellate court for review.   [State ex rel. v.
Hitchcock, 86 Mo. 231; Danforth v. Railway, 123 Mo.
196.]   When it fails to affirmatively appear on the face
of the record in the appellate court that such excep-
tion was saved and preserved in the bill, the court is

permitted to review the record proper only for error. [State ex rel. v. Hitchcock, 86 Mo. 231; Bradbury v. Kerns, 115 Mo. App. 99.]

No exception to the ruling of the court in denying a new trial appearing in the record presented for re-view, we are not permitted to examine the question urged upon the court for consideration. This is true notwithstanding a proper exception is saved and exemplified here as to the action of the court in declining to direct a verdict for defendant.

The record proper is in all respects sufficient, and the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.