STONE HILL WINE COMPANY, Appellant, v. BUZZARD & BUZZARD, Respondents.

Springfield Court of Appeals, May 2, 1910.

APPELLATE PRACTICE: Filing Bill of Exceptions: Abstract. If the time for filing a bill of exceptions is extended, an entry to that effect must appear in the abstract of the record proper, and unless a bill of exceptions is filed within the time allowed, as shown by the record, it cannot be considered; and a mere record recital that it has been filed "within the time previously allowed by the court" does not cure the defect.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*W. A. Phipps* for appellant.

*Clay & Sheppard* for respondents.

NIXON, P. J.—This proceeding was instituted before a justice of the peace in Newton county to recover the sum of $16.55 alleged to be due from defendants to plaintiff as the balance of the purchase price of wines purchased by defendants from the plaintiff. The trial in the justice's court resulted in a verdict in favor of defendants, from which plaintiff appealed to the circuit court where a trial was had resulting in a verdict and judgment in favor of the defendants. From this judgment, plaintiff was granted an appeal to the St. Louis Court of Appeals on May 17, 1906, and on the same day plaintiff was given ninety days within which to prepare and file its bill of exceptions. The next entry appearing in the record was made October 1, 1906, long after the ninety days had expired, and is as follows:

"Now on this day comes plaintiff by attorney and within the time previously allowed by the court and by

leave of court files herein its bill of exceptions in this cause."

The case has been transferred to this court as provided by law, and respondents insist that because the bill of exceptions was filed out of time and as the record shows no entry of an extension of time by the court, the errors complained of by appellant cannot be here considered.

It has been many times decided that unless a bill of exceptions is presented in time it cannot be considered on appeal. [Linahan v. Barley, 124 Mo. l. c. 565, 28 S. W. 84; State v. Berry, 103 Mo. 367, 15 S. W. 261; Cuomo v. City of St. Joseph, 24 Mo. App. 567.]

If the time for filing the bill of exceptions be extended, an entry to that effect must appear in the abstract of the record proper. [Jordan v. C. & A. Ry. Co., 92 Mo. App. 81; Mason v. Pennington, 53 Mo. App. 118; Greenwood v. Parlin, 98 Mo. App. 407, 72 S. W. 138; Williams v. Harris, 110 Mo. App. 538, 85 S. W. 643; Bradbury v. Kerns, 115 Mo. App. 99, 91 S. W. 437; Philips v. Webb City, 129 Mo. App. 699, 108 S. W. 593.]

The fact that the record entry of October 1, 1906, recites that the bill is filed "within the time previously allowed by the court and by leave of court" does not cure the defect. In the case of Everett v. Butler, 192 Mo. 564, 91 S. W. 890, the abstract recited that plaintiff filed the bill of exceptions on November 11, 1902, "in accordance with the order of the court made and entered." This statement was held to be a mere conclusion of law and not sufficient to show that the bill was filed within the time permitted by the court.

No error appearing in the record proper, the judgment is affirmed. All concur.