CHRISTIAN FURSTENFELD, Appellant, v. VALENTINE FURSTENFELD, Respondent.

St. Louis Court of Appeals, October 24, 1910.

1. BILLS AND NOTES: Time of Payment Left Blank: Payable on Demand. Where the time of payment is left blank in a note, and no time is specified as to when it shall mature, it becomes due only on demand.

2. ———: Construction: Clerical Errors. A note stated no time for payment or maturity, and the blank for the rate of interest was also left blank. In the line below, a blank which should have been filled with the letter "I" was filled with the figure "8," so that it read: "If this note is not paid when due, '8' agree to pay all reasonable costs of collection." *Held*, that the note could not be construed as intended to bear interest at eight per cent., and was only entitled to six per cent. after demand, since to make the insertion of eight per cent. would materially change the contract from that expressed by the parties, as written, the figure "8" standing as it does in the note not rendering the instrument unintelligible in other respects nor destroying it as an obligation to pay.

3. PLEADING: Answer: Admission. A petition on a note alleged that defendant promised to pay plaintiff $250 with interest at eight per cent. The note was filed with the petition as an exhibit. Defendant by answer admitted that he executed the note described in the petition, and then pleaded

payment. The note so filed as an exhibit was blank as to the rate of interest and as to the time of payment. *Held,* that defendant's answer did not constitute an admission of the execution of an instrument agreeing to pay eight per cent. interest, but that the admission was made with reference to the fact that the note itself was attached to the petition, and was intended to admit the execution of the note in accordance with its tenor and effect, and no more, as it appeared for itself.

4. ———: ———: ———: **Estoppel to Claim Admission.** In an action on a note, where the petition alleged that defendant promised to pay plaintiff a certain sum with interest at eight per cent, and the note attached to the petition as an exhibit was blank as to the rate of interest, and the answer admitted "the execution of the note described in the petition" and pleaded payment, plaintiff, by introducing the note in evidence, estopped himself from invoking the admission in the answer which might import more than the legal effect of the note itself.

5. **APPELLATE PRACTICE: Findings of Referee: Review.** The findings of a referee in an action at law are regarded on appeal as a special verdict, and will not be disturbed if there is sub stantial evidence to support them.

6. ———: **Pointing Out Error: Burden on Appellant.** He who asserts error on appeal assumes the burden of pointing out wherein it lies.

7. ———: **Findings of Referee: Review: Abstracts: Duty of Appellant to Print All the Evidence.** Where an appeal is prosecuted on the "short form," as authorized by section 2048, Revised Statutes 1909, in order to procure a review of the sufficiency of the evidence to support the findings of the referee which have been affirmed by the trial court, it is the duty of appellant to present all the evidence in the case in his abstract of the record, and, in such case, an abstract stating that such portions of the evidence only as in the opinion of counsel are relevant is not sufficient.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

Affirmed.

*Wm. H. Clopton* for appellant.

(1) It stands admitted by failure to deny the allegation of the petition that the note was to bear interest

at 8 per cent from date, and also by the averment in the plea of payment that defendant had prior to the institution of the suit paid said note with accrued interest thereon.   (2)   The note sued on says "with interest payable annually" and "interest when due to become principal and draw —— per cent interest."   The context clearly shows that the note was to bear interest from date.   The payee was not required to make demand as in case of a demand note, to start the running of interest.   1 Daniel on Neg. Int. sec. 83; Paramore v. Lindsey, 63 Mo. 65.   The omission of words will be implied from the context.   Merrell v. Handy, 17 Mo. 406.

*George S. Grover* for respondent.

(1)   The legal effect of the answer was an admission that the note as sued on, and offered in evidence afterwards at the trial below, was executed by the defendant.   (2)   The finding of the referee, as to the character of the above described instrument is, we submit, undoubtedly correct, under the laws of Missouri, as construed by the courts of last resort in this state. Session Acts 1905, p. 244; Ann. Stat. 1906, vol. 1, p. 521; Mason v. Patton, 1 Mo. 279; Collins v. Trotter, 81 Mo. 275; Bank v. Hart, 25 Mo. App. 170.

NORTONI, J.—This is a suit on two promissory notes and an account.   The finding and judgment were for defendant and plaintiff prosecutes the appeal.

The petition is in three counts.   The first declares upon a promissory note, executed by defendant, February 21, 1899, for the principal sum of $250; the second declares upon a promissory note, executed by defendant on February 7, 1901, for the principal sum of $200; the third declares upon an account for board and lodging and prays judgment therefor in the amount of $1484.

In his answer, defendant admitted the execution of the notes mentioned in the first and second counts of the petition and pleaded that the same had been fully

paid and discharged. The answer also contains a counterclaim to the effect, substantially, that during the years plaintiff is alleged in the petition to have boarded and lodged with plaintiff he contributed to the support of plaintiff's family, at his instance and request, and paid out various sums of money for him. It is averred in the counterclaim that during the years defendant, who is plaintiff's son and was *sui juris,* lived and boarded with plaintiff he did so under an agreement then made between the parties by which he expended, from time to time, large sums of money in the support of his father and his father's family, paid numerous bills for plaintiff, etc., on account of all of which defendant prays judgment against plaintiff on his counterclaim for $10,000.

It appearing from the pleadings that the case involved a long account, it was referred by the court to Perry Post Taylor, Esq., a member of the St. Louis Bar, who heard the evidence and made what appears to be a careful finding of fact and a complete report of the same, together with recommendations as to such judgment the court should give with respect to the various items involved. The evidence in the cause is not sufficiently set forth in the abstract of appellant to enlighten the court on all of the points suggested. But the first and principal argument relied upon for a reversal of the judgment may be properly considered, for it relates to an interpretation of the pleadings and the construction of a writing in evidence; that is to say, the note sued upon in the first count of the petition. The note mentioned was introduced in evidence by plaintiff and being incorporated in the referee's report is before us for review. The note referred to is as follows:

" $250.00. February 21, 1899.
After date for value received —— promise to pay to C. Furstenfeld or order two hundred and fifty dollars payable at —— with interest payable annually at the rate of —— per cent per annum —— until paid. In-

terest when due to become principal and draw —— per cent interest. If this note is not paid when due 8 agree to pay all reasonable costs of collection including attorney's fees and also consent that judgment may be entered for these amounts by any justice of the peace.

V. FURSTENFELD."

By scrutinizing the note it appears that though it is dated February 21, 1899, no date is mentioned therein as to when it should fall due and it appears to stipulate no particular rate of interest. That defendant executed the note involved is conceded and the referee so found the fact, for he recommended judgment against defendant for the face of the note, $250, together with interest thereon at the rate of six per cent from the date of filing the petition, which is treated as a demand for payment. It is said there was no evidence in the case that a demand was made before the petition was filed. In the circuit court defendant filed exceptions to the referee's report and one of them relates to the matter now under consideration. The exceptions were overruled and the finding and recommendation of the referee were affirmed, to the effect plaintiff should recover of defendant the amount of the note together with interest at six per cent from the date of filing the petition. But the finding on defendant's counterclaim was for him in an amount sufficient to extinguish all indebtedness to plaintiff and for a small balance as well.

It is argued there appears in the judgment an erroneous conclusion of law on the face of the instrument for the reason no date having been mentioned when the note should fall due, it became due the day it was executed and drew interest accordingly. There can be no doubt under our statute that on contracts for the payment of money when no rate of interest is mentioned, interest accrues at the rate of six per cent after demand. But it is said all promissory notes afford interest after the date they become due unless there is a stipulation

therein to the contrary and, as a matter of law, the note above described fell due the day of its date, February 21, 1899, for the reason no date of maturity was expressly specified therein. It is to be noted that as the note was executed February 21, 1899, the question is to be determined wholly irrespective of our Negotiable Instrument Law of 1905, with which we are wholly unconcerned for the purposes of the case. Plaintiff cites and relies upon the case of Mason v. Patton, 1 Mo. 279, which seems to support the conclusion that a note which omits to specify a date of maturity falls due on the date it is made; but, be this as it may, if such were the law in the early history of the state, the rule no longer obtains, for the same court has expressly announced a contrary doctine in the case of Collins v. Trotter, 81 Mo. 275. By the Constitution, we are commanded to adhere to the last previous decision of the Supreme Court on any question of law or equity, which is declared to be controlling authority in the Courts of Appeals. The case of Collins v. Trotter, supra, is precisely in point and, though Mason v. Patton is not noticed in the opinion, disposes of the question by affirming that where the time of payment is left blank in a note or no time is specified as to when it shall mature, it becomes due only on demand. This court declared the indential doctrine in First National Bank of St. Charles v. Hunt, 25 Mo. App. 170 and there can be no doubt that such is the rule of decision. Indeed, as we understand it, the rule is universal to the same effect as will appear by reference to Daniels on Negotiable Instruments (5 Ed.), secs. 88, 599. A wealth of authority to the same effect may be found in the notes subjoined to the sections of Senator Daniels' work above cited.

The referee recommended an accurate legal conclusion on the face of the instrument and the court properly declared the same in the judgment given.

But it is said the note suggests it was to draw interest at the rate of eight per cent; for in one of the lower

lines thereof the figure "8" appears and this indicates the parties agreed on eight per cent interest. .There is no rate of interest whatever expressed in the blanks afforded for that purpose. It is true the figure "8" appears in another portion of the instrument where the word "I" should have been written. The sentence in which the figure "8" thus appears is the last or concluding one as follows: "If this note is not paid when due 8 agree to pay all reasonable costs of collection including attorney's fees and also consent that judgment may be entered for these amounts by any justice of the peace." The note itself suggests it was drafted by one not expert in such matters and it may be the figure "8". should have been inserted at another place. But we are not permitted on the bare face of the paper to make the insertion, for to do so would materially change the contract from that originally expressed by the parties as written. The figure "8", standing as it does in the note, does not render the instrument unintelligible in other respects nor destroy it as an obligation to pay, and the law supplies a term to the effect that the interest shall be six per cent after demand. If parol evidence were admissible at all to remove the ambiguity, none was introduced, and it was the duty of the court to declare the legal effect of the instrument as it did. [Kessler v. Clayes, 147 Mo. App. 88, 125 S. W. 799.] ·

In the first count of the petition, plaintiff described the note as having been executed by defendant February 21, 1899, whereby he promised to pay plaintiff $250 with interest from date at the rate of eight per cent until paid and stated that such note was filed with the petition as "Exhibit A". In the first few lines of defendant's answer he admits "that he did execute the note described in the said first count of said petition" and then proceeds to plead that he had long since paid and discharged the same. From these words in the answer, it is argued plaintiff solemnly admitted the note drew interest from date at the rate of eight per

cent as it was so described in the petition. This argument, we believe, must be examined in the light of all of the circumstances. Whatever admission was made in the answer was made with reference to the fact that the note itself was annexed to the petition. The pleader evidently intended to admit the execution of the instrument sued upon in accordance with its tenor and effect and no more, for the note was attached to the petition and appeared for itself. But plaintiff did not rely upon the admission, for he introduced the note in evidence to prove his alleged cause of action thereon. Having thus introduced the note, to sustain his cause, we believe he is estopped from invoking an admission in the answer which might import more than the legal effect of the note itself.

There are several other arguments advanced for a reversal of the judgment but they all relate to the sufficiency of the evidence to support the recommendations of the referee, which were adopted by the court and affirmed in its judgment. We are unable to dispose of these matters on their merits for the reason the evidence is not before us. There can be no doubt of the rule of decision to the effect that the findings of a referee in an action of law are regarded on appeal as a special verdict and will not be disturbed if there is substantial evidence to support them. [Berthold v. O'Hara, 121 Mo. 88, 25 S. W. 845; Citizens' Nat'l Bank v. Donnell, 172 Mo. 384, 402, 72 S. W. 952; Tufts v. Latshaw, 172 Mo. 359, 72 S. W. 679; Citizens' Coal, etc., Co. v. McDermott, 109 Mo. 306, 84 S. W. 459.] A presumption goes in favor of the correct conduct of a proceeding in a court of general jurisdiction and in aid of the verdict and its judgment. In other words, unless it is made to appear to the contrary, the presumption is that the referee's finding approved by the judgment of the trial court, is supported by the evidence and that the referee properly weighed

the evidence. [Tufts v. Latshaw, 172 Mo. 359, 72 S. W. 679; Western Boatmen's, etc., Ass'n v. Kribben, 48 Mo. 37.] On the same principle, the rule of decision goes to the effect that he who asserts error on appeal assumes the burden of pointing out wherein it lies. [Gentry v. Field, 143 Mo. 399, 45 S. W. 286.] In accordance with these principles, it of course devolves upon plaintiff, not only to point out the several insufficiencies of the evidence complained of but to present all of the evidence in the cause as well for a review on appeal. Otherwise the presumption, attending judicial proceedings in courts of general jurisdiction, goes to the effect that the evidence given in the cause and not brought to the attention of the appellate court for review is sufficient to supply the deficiencies complained of and support the verdict. [Mason v. Smith, 124 Mo. App. 596, 101 S. W. 1149; McKinney v. Northcutt, 114 Mo. App. 146, 89 S. W. 351.] All of the evidence is not before us; indeed, there is but a meager showing as to what it was. The appeal is prosecuted on the short form under section 2048, Revised Statutes 1909, sec. 813, An. St. 1906. This being true, we are unadvised as to what the bill of exceptions contains. Appellant states in the abstract presented here that he has printed only such portions of the evidence as in his opinion are relevant, for the reason the bill of exceptions is voluminous. In this state of the record, we are not permitted to consider the several arguments relating to the sufficiency of the evidence for the reason appellant, with whom the duty lay, has omitted to present it all. When the finding is challenged as being unsupported by the evidence, it is not competent for counsel to print only such testimony as in his opinion is relevant. The question suggested is one for the court instead. The following authorities will be found to be in point: Reed v. Peck, 163 Mo. 333, 63 S. W. 734; Davis v. Vories, 141 Mo. 234, 42 S. W. 707; Plumbing Co. v. Brewing Co., 126 Mo. App.

268, 102 S. W. 1064; Nash v. K. C., etc., Brink Co., 109 Mo. App. 600, 83 S. W. 90; Ogelbay v. K. C. College, etc., 71 Mo. App. 339; Epstein v. Hammerslough Clothing Co., 67 Mo. App. 221.

For the reasons given, we decline to review the meager portions of the evidence set forth in the abstract. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.