JAMES A. McMILLEN, Respondent, v. SAMUEL I. ELDER, Appellant.

St. Louis Court of Appeals, March 4, 1911.

1. APPELLATE PRACTICE: Abstract: Necessity of Abstracting Evidence. The evidence in the bill of exceptions, to be considered on appeal, must be abstracted, at least in the narrative form, and it is not sufficient for counsel to express his opinion in his brief as to its purport, for such is the province of the court.

2. ———: ———: ———: Conclusiveness of Verdict. Where the abstract does not set out the evidence, it will be conclusively presumed, on appeal, that the finding of the jury in a replevin suit was correct.

3. INSTRUCTIONS: Refusal: Not Supported by Evidence. Instructions not founded on any evidence are properly refused.

4. APPELLATE PRACTICE: Replevin: Questions Reviewable. Where, on appeal, in replevin for a hog, there was nothing in the record tending to show that it passed from plaintiff's premises to those of defendant, a question of law as to the obligations of the parties in regard to a division fence was immaterial and would not be considered.

Appeal from Louisiana Common Pleas Court.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*Robt. A. May* for appellant.

*Pcarson & Pearson* for respondent.

The evidence not being incorporated in the record brought to this court, the presumption is that the trial court properly refused the instructions complained of. Aultmann & Taylor Co. v. Smith, 52 Mo. App. 351; Hattan v. Mining Co., 40 Mo. App. 448; Bank v. Davidson, 40 Mo. App. 421; Calvert v. Bates, 44 Mo. App. 626; Hughs & Dill v. Vanstone, 24 Mo. App. 637; Guinn v. Boas 31 Mo. App. 131; Messick v. Fairburn 54 Mo. App. 29.

NORTONI, J.—This is a suit in replevin for the possession of a hog. Plaintiff recovered and defendant prosecutes the appeal.

Because of the meagre abstract of the evidence, we are unable to ascertain the precise facts, but infer from what appears that plaintiff and defendant are farmers who own and occupy adjoining farms in Pike county. There is no direct evidence of this fact in the record but enough appears to suggest a reasonable inference to that effect. The case concedes that plaintiff owned the hog in controversy and that it was wrongfully detained by defendant in Pike county at the time of the institution of this suit in replevin unless defendant's detention of the hog was justified by its being found damage feasant in his corn. The jury found the fact as though the hog was plaintiff's property and as if it was wrongfully detained by defendant. But it is argued by defendant though plaintiff's hog was detained by him he was justified in detaining it for the reason it was found damage feasant in his corn and plaintiff refused to compensate the loss. If this fact be true, there is not a word in the evidence as abstracted which tends to show it either by direct proof or by reasonable inference. We have read every word of the testimony in the abstract thereof several times and have been unable to discover anything therein suggesting that plaintiff's hog was either on defendant's premises or in his corn. We are not permitted to accept the statements of counsel in their statement of facts and brief as to such matters, but must look to the evidence in the bill of exceptions as abstracted therefor. The evidence in the bill of exceptions must be abstracted at least in the narrative form so the court may understand what it tended to prove. It is not sufficient for counsel to express his opinion in the brief as to its purport, for such is the province of the court on appeal. [Reed v. Peck, 163 Mo. 333, 63 S. W. 734; Furstenfeld v. Furstenfeld, 152 Mo. App. 726, 131 S. W. 359.] What the bill of exceptions may show, we

are unadvised, for the appeal is on the short form and the bill itself is not on file here. As the verdict finds the hog was the property of plaintiff and wrongfully detained by defendant at the time, such must be conclusively presumed to be true in the present posture of the case, for there is nothing before us in the abstract of the evidence suggesting the animal was found in defendant's corn and detained by him for that reason.

All of defendant's refused instructions which we are invited to examine predicate upon the theory that defendant was justified in detaining the hog because it was permitted to escape through a division fence and did damage to his corn. As there is no evidence before us that the hog was on defendant's premises or damaged his corn, the instructions appear to have been properly refused and it is unnecessary to examine them further. Inasmuch as nothing appears tending to prove the hog passed from plaintiff's premises to those of defendant, the question of law suggested touching the respective obligations of the parties as to the division fence appears to be immaterial and for that reason will not be considered. The record proper is not challenged. It appears to be in the usual form and sufficient.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.