## JOHN PERRY et al., Respondents, v. JOHN W. STEPHENS, Appellant.

**St. Louis Court of Appeals, September 30, 1911.**

1. **APPELLATE PRACTICE: Prerequisites to Review: Exceptions: Abstract of Record.** The merits of a case will not be reviewed on appeal, unless the abstract of the record reveals the fact that an exception was preserved in the bill of exceptions to the overruling of the motion for a new trial.

2. ———: ———: ———: **Necessity of Bill of Exceptions.** Exceptions can be preserved for review only by a bill of exceptions, and hence where a bill of exceptions did not preserve an exception to the overruling of the motion for a new trial, the fact that the order overruling the motion recited that the movant saved an exception to such action would not preserve such exception for review.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Ward & Collins, A. L. Oliver* and *Vance Higgs* for appellant.

*Everett Reeves* for respondent.

NORTONI, J.—This is an action in trover as for conversion. Plaintiff recovered and defendant prosecutes the appeal.

The subject of the controversy is a gasoline launch valued at $300 and engaged in the coast trade on the Mississippi river. A jury was waived and the case tried before the court without instructions being requested or given. There appears to be substantial evidence in the record tending to support the finding and judgment that plaintiffs owned the boat, that defendants converted it and that its value was $300. But

be this as it may, the matter is not for consideration here, as the bill of exceptions reveals no exception to the action of the court in overruling the motion for a new trial. In this state of affairs, there is naught open for review here save the record proper and this is not challenged. Indeed, it is conceded to be sufficient. Under the established rule of decision, we are not permitted to review the merits of an appeal unless the bill of exceptions reveals the fact that an exception was saved to the action of the court in overruling the motion for a new trial and such must appear, too, in the abstract of the bill of exceptions filed here. An order of the court copied from the record and incorporated in the abstract before us sets forth the fact that the motion for a new trial was submitted to the court and overruled by it and that an exception was saved by defendant to such ruling. But this is not sufficient; for exceptions are not thus exemplified under our practice. Exceptions are not part of the record proper and have no place therein. Such may only be saved for review in the bill of exceptions which alone is their proper repository. The point has been frequently decided as will appear by the cases collated in Wilbrandt v. Laclede Gas Light Co., 135 Mo. App. 220, 115 S. W. 497.

For the reasons stated, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.