M. SILBERBERG, Respondent, v. ISRAEL GITEN-
STEIN, Appellant.

St. Louis Court of Appeals, December 3, 1912.

1. **APPELLATE PRACTICE: Review: Motion to Affirm Justice's
   Judgment: Necessity of Saving Exception.** The ruling of a
   circuit court sustaining a motion to affirm a judgment of a
   justice of the peace for failure of the appellant to give notice
   of the appeal cannot be reviewed by the appellate court, un-
   less the motion and an exception to the ruling thereon are
   preserved in the bill of exceptions.

2. ———: ———: ———: **Necessity of Motion for New Trial.**
   The ruling of a circuit court sustaining a motion to affirm a
   judgment of a justice of the peace for failure of the appellant
   to give notice of the appeal cannot be reviewed by the ap-
   pellate court, unless such ruling was brought to the atten-
   tion of the trial court by a motion for a new trial or rehearing.

3. ———: ———: **Matters of Exception: Necessity of Motion for
   New Trial.** Matters of exception are not open to review, on
   appeal, unless the bill of exception preserves the motion for a
   new trial, calling the attention of the trial court to such ex-
   ceptions, and also preserves an exception to the denial of such
   motion.

Appeal from. St. Louis City Circuit Court.—*Hon.
James E. Withrow,* Judge.

AFFIRMED.

*Felix Cornitius* for appellant.

*Henry H. Furth* for respondent.

NORTONI, J.—This cause originated before a justice of the peace, and defendant prosecuted an appeal from the judgment there rendered against him, to the circuit court. Two terms of court having elapsed after appeal was perfected, plaintiff moved an affirmance of the judgment of the justice for want of notice of the appeal, as it is said no such notice was given. On a hearing, the court sustained this motion and gave judgment for the plaintiff affirming the judgment of the justice. It is from this judgment of the circuit court, on plaintiff's motion for an affirmance because of the failure to give notice of the appeal from the justice, that the present appeal is prosecuted.

The record here is in such condition as precludes our right of review. Though a bill of exceptions was made and filed in due time and appears to have been allowed and signed by the judge, there is no exception whatever to be found therein. The question which it is sought to have reviewed here arises wholly on the motion to affirm the judgment of the justice, and there appears to have been no exception saved to the ruling of the court on that motion. Mere motions filed in a cause are not part of the record proper but are matters of exception which themselves, together with an exception to the ruling of the court thereon, must be preserved in the bill of exceptions in order to have the ruling on such motions reviewed on appeal. [See Stark v. Zehnder, 204 Mo. 442, 102 S. W. 992.] It is true the motion itself is incorporated in the bill of exceptions here. However this may be, no exception to the action of the court thereon appears.

Furthermore, we are precluded from reviewing the ruling of the trial court on this motion and in af-

firming the judgment of the justice, for the reason. that no motion for a rehearing or new trial of that question appears in the bill of exceptions. Matters of exception which occur in the trial court must be brought to the attention of the trial court by a motion for a new trial or rehearing and that tribunal afforded an opporunity to review the ruling thereon or else no review of the same question may be had here. It may be that, had this question been presented to the trial court by a motion for a new trial or rehearing, this appeal would have been unnecessary, for, perchance, the trial court would have corrected the ruling complained of, if it is, in fact, an erroneous one. At any rate, it is well settled that rulings on motions interposed before final judgment and exceptions thereon will not be reviewed in the appellate court in. the absence of a motion for a new trial or rehearing first inviting the attention of the trial court thereto. When there is no motion for a new trial in the bill of exceptions, the matter of exception is not open for review on appeal. [See Coy v. Landers, 146 Mo. App. 413, 125 S. W. 789; Simcoe Realty Co. v. Wm. J. Lemp Brewing Co. et al., 247 Mo. 29, — S. W. ——.] Moreover, even where there is a motion for a new trial or rehearing and such motion has been overruled, matters of exception will not be reviewed here unless there appears, too, an exception to the action of the trial court in overruling the motion for a new trial. [See Wilbrandt v. Laclede Gas Light Co., 135 Mo. App. 220, 115 S. W. 497.]

For the reasons given, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.