### H. C. AKELEY LUMBER CO. v. RAUEN.

(Circuit Court of Appeals, Eighth Circuit. November 13, 1893.)

#### No. 311.

MASTER AND SERVANT—SAFE PLACE—INSUFFICIENT LIGHT.

The third night of plaintiff's employment in the mill of a lumber company, while engaged in pushing a laden car on a platform 20 feet from the ground, which platform, at the place of disaster, was narrowed, by reason of a curve, to a width, outside the car track, of only 6 or 8 inches, he stepped therefrom, and sustained the injuries complained of. The only light furnished to work by was that feebly emitted from the lantern of a fellow workman. *Held* that, on these facts, the verdict of the jury, finding the lumber company guilty of negligence, and plaintiff not guilty of contributory negligence, should not be set aside on appeal.

In Error to the Circuit Court of the United States for the District of Minnesota.

At Law. Action by Ole Johnson against the H. C. Akeley Lumber Company to recover for personal injuries. After verdict, plaintiff died, and Peter Rauen was appointed special administrator. Judgment for plaintiff. Defendant brings error. Affirmed.

Emanuel Cohen, (Stanley R. Kitchel and Frank W. Shaw, on the brief,) for plaintiff in error.

Charles A. Ebert, (Henry Ebert, on the brief,) for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges.

CALDWELL, Circuit Judge. This action was brought by Ole Johnson to recover for personal injuries alleged to have been received through the negligence of the H. C. Akeley Lumber Company. There was a trial to a jury, and a verdict and judgment for the plaintiff, and the lumber company sued out this writ of error. After the verdict was rendered, the plaintiff in the action died, and the defendant in error was appointed special administrator of his estate. The only assignment of error relied upon

in argument is that the court refused to give a peremptory instruction to the jury to return a verdict for the defendant.

These are the leading facts in the case: The lumber company operated a large sawmill. Connecting with the mill was a main platform, raised 20 feet from the ground, extending out from the mill for a considerable distance. From this main platform there branched off, at right angles with it, 15 other platforms, called "alleys." On all the platforms there were tracks made of iron rails, upon which cars loaded with lumber at the mill were run for the purpose of carrying and distributing the lumber so that it could be piled on either side of the alley tracks mentioned. On the main track the cars were drawn by horses, and, as each car came in front of the alley for which it was intended, it was detached, and switched off on the alley track. Sometimes the car switched off was run around the curved switch into the alley by the men having charge of the main track, and at other times it was only shoved on the switch far enough to clear the main track, and had to be pushed around the curve in the switch, and into the alley where it was to be unloaded by the men engaged in unloading the lumber from the cars, and piling it. In alley 9, where the accident occurred, the platform on one side of the switch track was gradually narrowed from the point where it separated from the main track, where it was 6 feet wide, or more, until, at the angle formed by the alley and the platform, it was only 6 or 8 inches wide, and one stepping more than that distance from the iron rail would be precipitated a distance of 20 feet to the ground. The plaintiff was employed to pile lumber at night in these alleys. It was part of his duty to push, or assist in pushing, the cars on the alley tracks to the place where they were to be unloaded. He was not furnished with a lantern, though the man who worked with him had one which gave out a feeble light. The tracks and yard where the lumber was piled were not lighted, and the men at night worked in the dark, save the light emitted from the lantern. The third night after the plaintiff was employed, he was set at work in alley 9. A car load of lumber intended for that alley was placed on the switch by the conductor of the cars on the main track, but it was not run around the curve, and down into the alley. The plaintiff, in company with his fellow workman, who had been waiting in the alley for the arrival of the car, proceeded to it, and the plaintiff, placing his shoulder against the corner of the car, proceeded to push it. He continued in that position, pushing the car, until the point in the curve of the switch was reached where the platform was only 6 or 8 inches wide outside of the rail of the track, when his steps fell beyond this narrow platform, and he was precipitated to the ground, a distance of 20 feet, and received the injuries complained of. He claimed he had no knowledge of the narrowing of the platform around the curve, and that there was not light enough to enable him to see it.

The specific act of negligence charged is that the lumber company did not provide the plaintiff with a reasonably safe place in which

to do the work he was engaged to do,—especially so, considering that the work had to be done after night. The court below, in a commendably brief and clear charge, to which the plaintiff in error took no exception, stated to the jury the rules of law applicable to the case. The jury have found that the defendant was guilty of negligence, and that the plaintiff was not guilty of contributory negligence, and on the evidence in this record this court cannot set aside that finding. The cases of Ferren v. Railway Co., 143 Mass. 197, 9 N. E. 608, and Stackman v. Railway Co., (Wis.) 50 N. W. 404, may be referred to as fully supporting the jury in their conclusions, and the judgment of the lower court.

The judgment of the circuit court is affirmed.