## CLEM SINBERG, Respondent, v. THE FALK COMPANY, Appellant.

### Kansas City Court of Appeals, March 2, 1903.

1. **Master and Servant:** PLACE OF WORK: RISK: MOVING STREET RAILWAY TRACK. The facts relating to a servant's injury when engaged in moving the tracks of a street railway are examined and held to authorize the sending to the jury the question of the master's liability.

2.' ——: ——: ——: ——: JURY. Where the master is engaged in moving the tracks of a street railway which is being operated at the same time, his knowledge that certain apertures in the track are open is not in itself negligence so long as said apertures are necessarily uncovered for the proper performance of the work, and that question is for the jury.

3. ——: ——: ——: ——. A master must exercise ordinary and reasonable care and provide a reasonably safe place for the servant to do the work he is directed to perform; but such place is only to be as reasonably safe as the proper carrying on of the work will reasonably admit.

Appeal from Jackson Circuit Court.—*Hon. J. C. V. Karnes,* Special Judge.

REVERSED AND REMANDED.

*Harkless, O'Grady & Crysler* for appellant.

(1)   The theory in this case, upon which it was tried, that it was the duty of the defendant to furnish a reasonably safe place for the servant to work, was wholly beside the case under the evidence here. The place in which he was working and the dangers, if any, were because of the changed conditions from time to time which the plaintiff and his fellow-servants were themselves producing. And the rule of furnishing a safe place must be necessarily modified if the place becomes dangerous in the proper progress of the work. Hurst v. Railroad, 163 Mo. 309, 318; Bradley v. Railroad, 138 Mo. 293; Finalyson v. Utica, 67 Fed. 510; Armour v. Hahn, 111 U. S. 313; Railroad v. Jackson, 65 Fed. 48; McCann v. Kennedy (167 Mass. 23), 44 N. E. 1055; Clark v. Liston, 44 Ill. App. 578.   (2) Any instruction which concludes with a peremptory direction to the jury to return a verdict for the plaintiff founded upon the facts detailed in the instruction and which wholly ignores and eliminates the defense in the case, is erroneous and constitutes cause for reversal. Carter v. Primm, 60 Mo. App. 423; Linn v. Massilon, 78 Mo. App. 111; Orscheln v. Scott, 79 Mo. App. 534; Desnoyer v. Lison, 85 Mo. App. 340.   (3) Instructions that assume the existence of disputed facts are erroneous. Linn v. Massilon, 78 Mo. App. 111; Carter v. Primm, 60 Mo. App. 423.

*Ward & Hadley* and *Kimbrell & Kimbrell* for respondent.

(1)   Where a series of instructions taken together contain a complete exposition of the law and cover every phase of the case, the verdicts obtained thereon will be sustained, even though the instructions when taken separately may be incomplete and open to objection and criticism.   If taken together the full law of the case can be ascertained, they are complete and there is no necessity for "qualifying each instruction by an

express reference to the others.'' Hughes v. Railroad, 127 Mo. 452; Owen v. Railroad, 95 Mo. 169; Nickel v. Paper Co. (not yet reported). (2) The doctrine of the duty of the master to furnish the servant a reasonably safe pathway or place to work, clearly applies in this case. Doyle v. Trust Co., 140 Mo. 1; Herdler v. Stove Co., 136 Mo. 3; Huth v. Doyle, 76 Mo. App. 671; Bullmaster v. St. Joseph, 70 Mo. App. 60; Hyeel v. Swift & Co., 78 Mo. App. 39; Sullivan v. Railroad, 107 Mo. 78. (3) The instructions correctly declared the law and it was plainly stated in number 4 that plaintiff assumed the ordinary risks incident to the work he was called upon to perform, a true copy of number 6 in case of Doyle v. Trust Co., 140 Mo. 1. (4) It was for defendant to ask fuller instructions if those given did not put their theory of the case fully before the jury. Brown v. Railway, 13 Mo. App. 463; Boetger v. Iron Co., 124 Mo. 105; Tethrow v. Railroad, 98 Mo. 86; Hughes v. Railroad, 127 Mo. 453; State v. West, 157 Mo. 309. (5) The fact that the instructions were not phrased with entire accuracy will not furnish ground for reversal, if a jury of ordinary intelligence could not have been misled thereby. Meyer v. Tann, 11 Mo. App. 599.

BROADDUS, J.—The plaintiff seeks to recover damages for personal injuries alleged to have been received in consequence of defendant's negligence while in its employ. The answer was a general denial and that plaintiff's injuries were caused by his own negligence, and that he assumed the risk.

The evidence in the case discloses the following state of facts: The Falk Company, a corporation of Milwaukee, Wisconsin, the appellant herein, was on the 9th day of May, 1900, and prior thereto, engaged in the reconstruction of the double tracks of the Metropolitan Street Railway Company at the intersection of Eighth street and Grand avenue, Kansas City, Missouri, Eighth

street extending east and west and Grand avenue north
and south. Said street railway was operated by means
of an underground cable, and at the points where said
tracks turn, ''or curve,'' around from Eighth street
into Grand avenue, the cable is held in place by pulleys
of iron placed underneath the street surface of the
tracks between the rails. This series of iron pulleys
extends around the curves of each track for a distance of
about forty feet and revolve very rapidly when the cable
is in motion. In the center of the tracks is an iron slot-
rail through which the grip from the car extends down
to the underground cable. The pulleys are covered by
a series of metal plates about sixteen inches wide,
twenty inches long and one inch thick, placed side by
side, and extending from the outside rail to the center
or slot-rails of the tracks. The streets were paved with
asphalt at this point, except over the pulleys at the
curve, where the metal plates were so placed as to con-
stitute a part of the street pavement, and persons would
walk over them in passing along the streets. Appel-
lant's work of reconstruction, in so far as these curves
were concerned, consisted of shortening them by forcing
them over to the southeast, near to the sidewalk at the
southeast corner of Eighth street and Grand avenue.
Plaintiff Clem Sinberg was employed by defendant as
a common laborer, and on the afternoon of May 8, 1900,
he and other laborers were finishing up the work at the
south curve under the immediate supervision and direc-
tion of appellant's foreman. They had moved the track
over to the southeast and it was nearly if not quite se-
cured in place. The cable was running, the pulleys re-
volving, and the cars were passing over said track dur-
ing the process of reconstruction as aforesaid. While
they were finishing up the curve, plaintiff was ordered
by the Falk Company's foreman to return at midnight
to work on the night shift. When he returned at mid-
night he was directed by said foreman to saw an iron
track rail of the north track on Eighth street at a point

about fifty feet east of. the east line of Grand avenue. He had .almost severed said rail when said foreman commanded him to "hurry up" and "get a brace" to put under the nearly severed rail, so that an approaching car might safely pass over the track. The braces were on or near a pile of dirt south of the south curve, which plaintiff was engaged in finishing up the previous day. In order to reach said braces, by the most direct and convenient route, in order to obey the order of appellant's vice-principal aforesaid, it was reasonably proper for plaintiff to pass along and over the metal plates covering the pulleys of the south curve. The metal plates had all been replaced, except one, and defendant's foreman and workmen and the street railway's inspector had been walking along and over said curve and using the same for a regular pathway for at. least two hours before plaintiff returned to his work. They were so using it at the time of plaintiff's injury. An electric light was northeast of said curve, and one of defendant's foremen, Mr. Krebbs, was passing along between it and the south curve in such a position that his shadow fell across said south curve, at the point where the single metal plate was out of place, and as plaintiff walked along said south curve, looking for the brace, he stepped into the hole made by the missing plate and was injured. About fifty men were working around under said light, and their shadows frequently fell across said south curve.

It is not denied, in fact all the evidence goes to show, that defendant's foreman knew that the metal covering for said pulley hole was not on at the time of the accident. Plaintiff stated that he could have seen the exposed opening if he had been looking for it and had not the shadow of foreman Krebbs, who was near at the time, prevented the light from disclosing it; that he noticed it looked dark but did not think it was uncovered. It was shown that in the work of reconstruction and moving the track it was necessary to excavate

the dirt from under and between the tracks and to take off the metal plates covering the pulley holes; that while the work was progressing the rails over which the cars were passing were supported by iron braces, and that when the tracks were replaced the covers were also replaced over the pulley holes, and the excavations then refilled with dirt. There was also evidence tending to show that the track in question, at the time and place of plaintiff's injury, had been moved and properly replaced, and all the pulley holes covered except the one in question. But there was also evidence tending to show that the work of replacing the said track was not fully completed and that the condition of the work required said pulleys to remain uncovered. Krebbs, defendant's foreman, in regard to this matter, made the following statement: "We had to have them off to do a lot of work around them. We could not do the work with them on."

The following diagram used at the trial will assist materially in an understanding of the case:

The verdict and judgment were for the plaintiff from which defendant appealed. The defendant asked no instructions except a demurrer to the evidence.

The defendant contends that the risk that attended plaintiff's employment was a result of and brought about by the necessities of the work itself, and for that reason the rule of law requiring the master to provide a reasonably safe place for the servant while in the performance of his labor, has no application. As we understand it, that is only equivalent to saying that the servant assumed the risk of his employment. But as there was evidence tending to show, at least, that the course plaintiff followed, when he undertook to obey the direction of his foreman, was the one most available and which had been used as such by defendant's employees, it became the duty of defendant to have exercised the necessary care to have rendered it as reasonably safe as the condition of the work at the time would permit. If the replacing of the track had been completed it became the duty of the defendant, under the evidence, to have covered said pulleys in order to secure the safety of its employees. But if the replacing of the track had not been completed, and the time had not arrived for the said covers to be replaced, and the necessities of the work required that they should be kept open, then defendant was not guilty of negligence in that respect.

We do not, therefore, agree with defendant that plaintiff was not entitled to recover under the proof. But it follows that if we are correct in the foregoing conclusion as to the issue raised by the evidence, its objection to plaintiff's first instruction should have been sustained. Said instruction is as follows:

"The court instructs the jury that if you find and believe from the evidence that on the 9th day of May, 1900, the plaintiff was employed by defendant as a common laborer in and about the reconstruction of certain street railway tracks at Eighth and Grand avenue, in Kansas City, Missouri, and that while in the perform-

ance of his said work for said defendant at said place he was directed by a representative of said defendant in charge of said work of reconstruction, and of this plaintiff, to do a certain work which made it reasonably proper for this plaintiff to pass over and be upon a certain portion of said street occupied by said street car tracks, and that in so doing plaintiff, while in the exercise of ordinary care on his part, was injured by reason of the unsafe condition thereof, caused by the absence of a certain iron plate which covered the conduit and revolving pulleys therein of said street railway tracks at said place; in case you find and believe that the absence of said plate rendered said opening unsafe, and if you further find that said defendant had caused said condition to exist, or knew, or by the exercise of ordinary care might have known of it in time to have remedied the same before plaintiff claimed to have been injured, then your verdict will be for the plaintiff.''

The vice of said instruction consists in assuming that the knowledge of defendant that the pulley hole in question was left uncovered was negligence. It may or may not have been negligence. If the work of relaying the track at the point of injury had been completed, as has been said, it then became the duty of defendant to have had them covered; but if the relaying of the track had not been completed, and it was necessary to the work to have them uncovered, the defendant was not guilty of negligence. It was a question for the jury and not for the court. It was not a question of law upon undisputed facts, but a question of both law and fact.

Instruction number two given for plaintiff should have been modified to suit the case. We think it was error to tell the jury without qualification that it was the duty of the defendant ''to exercise ordinary and reasonable care to provide a reasonably safe place for the plaintiff to do the work he was directed to perform.'' In requiring the defendant to provide a reasonably safe

place to do his work the instruction required too much. The defendant might have performed its whole duty and still the place where plaintiff was required to do his work would not be reasonably safe. The principle of law embodied in said instruction has exceptions and qualifications, and when such exceptions exist they should be applied to the facts as proved. Bradley v. Railway, 138 Mo. 293. The jury should have been instructed that it was the duty of the defendant to have provided a place as reasonably safe as the proper carrying on of the work would reasonably admit. Hurst v. Railway, 163 Mo. 309.

Plaintiff's other instructions seem to be unexceptionable.

For the reason given the cause is reversed and remanded. All concur.