ORR NASH, Respondent, v. KANSAS CITY HYDRAULIC PRESS BRICK COMPANY, Appellant.

Kansas City Court of Appeals, November 7, 1904.

1. APPELLATE PRACTICE: Demurrer to Evidence: Abstract: Evidence. Where the appellant assigns for error the action of the trial court in refusing a demurrer to plaintiff's evidence he must set out the whole evidence *in haec verba* in his abstract or the appellate court will not consider the assignment.

2. MASTER AND SERVANT: Negligence: Working Place: Changing Conditions. A master must furnish a servant a reasonably safe place in which to work, unless the conditions are continually changing or are changed by the servant himself in the course of his work.

3. ———: Working Place: Pleading: Instruction: Evidence. A petition summarized in the opinion is held to state a cause of action against the master for negligence in furnishing a working place, and an instruction set out in the opinion embodies a correct expression of the law under the pleadings and the evidence.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*Harkless, Crysler & Histed* for appellant.

(1) The plaintiff was not entitled to recover under the evidence in this cause and the court should have so instructed the jury. Beekman v. Brewing Co., 98 Mo. App. 555; Watson v. Coal Co., 62 Mo. App. 356; Marshall v. Hay Press, 69 Mo. App. 256; Steinhauser v. Spraul, 127 Mo. 540. (2) But, in any event, if the case was to go to the jury at all, instruction numbered 1 given for the plaintiff was clearly erroneous, because it absolutely required the defendants to furnish the plaintiff a reasonably safe place to work and authorized a recovery if they did not do so, without regard to the question as to whether it was so reasonably safe as the nature and character of the business would permit. And was virtually an instruction told the jury to return a verdict for the plaintiff. Sinberg v. Falk Co., 98 Mo. App. 546; Bradley v. Railroad, 138 Mo. 293. (3) The issue submitted to the jury was wholly outside of the pleadings and no question of negligence pleaded was submitted. Pryor v. Railway, 85 Mo. App. 367; Joacquin v. Railroad, 57 Mo. App. 320; McMananee v. Railroad, 135 Mo. 440.

*Buckner & Grady* for respondent.

(1) To entitle an appellant to have a demurrer to all of the evidence and testimony reviewed he must set it out in full. This question is too well settled

to require the citation of authorities. (2) Instruction numbered 1 given for the plaintiff contained a correct statement of the law as applied to this case. Herdler v. Stove Co., 136 Mo. 3; Doyle v. Railroad, 140 Mo. 1; Donohue v. Kansas City, 136 Mo. 657; Sackewitz v. Mfg. Co., 78 Mo. App. 141; Scott v. Springfield, 81 Mo. App. 312; Thompson v. Railroad, 86 Mo. App. 144; Devore v. Railroad, 86 Mo. App. 429; Zelar v. Water & Light Co., 92 Mo. App. 107; Connelly v. Ptg. Co., 166 Mo. 447; Duerst v. Stamping Co., 163 Mo. 607. (3) This rule requiring the master to furnish a reasonably safe place to work, applies to all cases where the place furnished is fixed and certain, as is true in the case at bar. The dark, underground cellar was fixed, certain and stationary. In respect to the third point in appellant's brief it is entirely without merit.

SMITH, P. J.—Action to recover damages for personal injuries resulting from the negligence of the defendant. The petition alleged that the defendant maintained and operated a plant for the manufacture of brick in which said plant it used certain hoppers or feeding bins in which dirt was thrown and rolled into fine dirt which fell below said hoppers or bins and then was caught up by certain cups fastened to an endless chain or belt, propelled by steam, and carried upward to a point where it was dumped into another hopper or bin. That these cups so fastened to said endless chain or belt are enclosed at the bottom by means of a shaft made of lumber. That said shaft and said cups on said endless chain or belt were so negligently built and constructed, kept and maintained that the same during the progress of running said machinery would become clogged and stopped at the bottom of said shaft by means of the dirt which would accumulate at said point. That the bottom of said shaft was under ground and so enclosed as to render the place exceedingly dark. That during the conduct and operation of said plant

said shaft would frequently become stopped and clogged up so that the said cups on said endless belt or chain would stop and cease to move up or down and when it became stopped and clogged the only means provided for unstopping and starting said cups, in said shaft, was to descend into this underground place at the bottom of said shaft, and remove the obstruction from the bottom of said shaft which was attended with great danger. That the plaintiff had been engaged as a common laborer at said plant, and was unacquainted with the manner of operating said machinery, or the appliances used to unstop said machinery when clogged up, or the dangers attending said operation. That the plaintiff, as servant of said defendant, was required by defendant to clean out said obstruction and unclog said shaft and to start revolving the cups on said belt or endless chain, as aforesaid. And that he went down into said underground apartment as directed by said defendant and proceeded to remove said obstructions. That he opened the door to said shaft and with his shovel proceeded and undertook to remove said obstruction. That as said obstruction was removed said cups on said endless chain or belt began rapidly to revolve, catching said shovel and plaintiff's hand with such force as to tear from its socket the little finger of the left hand, and badly lacerating the other fingers thereon. That defendant was negligent in that said apartment at the bottom of said shaft was not properly lighted so that plaintiff could see whilst working about said obstruction. There were many other allegations contained in the petition which we need not set forth.

The answer consisted of a general denial to which was added the pleas of contributory negligence and assumption of the risk. There was a trial by a jury and at the conclusion of all the evidence the defendant interposed a demurrer thereto which was by the court denied.

When a case is brought here by appeal or writ of error and the defendant assigns for error the action of the trial court in denying a demurrer interposed by him to the evidence adduced by the plaintiff in that court we will not consider such assignment unless the whole evidence is set out *in haec verba* in the abstract. This rule has been long established and steadily observed. [Goodson v. Railroad, 23 Mo. App. 76; Meriwether v. Howe, 48 Mo. App. 1. c. 152; Doherty v. Noble, 138 Mo. 25.] The abstract in the present case presents a number of excerpts of the evidence taken from the bill of exceptions and mingled with statements of the substance of other parts of it, or with defendant's conclusion as to what such other parts of it conduces to prove. The abstract, therefore, does not present the entire evidence, and accordingly we can not review the actions of the trial court on the demurrer.

The defendant contends that the court erred in giving an instruction for the plaintiff which told the jury that if it "shall believe from the evidence in this case that the plaintiff was an employee of the defendant, and that he was engaged in feeding one of the defendant's bins at its brick factory, and that while so engaged the machinery conveying the dirt up to the bin became clogged up and stopped and it became necessary for the plaintiff to unstop the same, and that it was a part of his duty to do so, and in doing so he went down to the bottom part of said shaft for that purpose, and that at the bottom of said shaft it was dark and not a reasonably safe place to work, and the defendant knew of such conditions, and that while in the act of removing said obstruction, in a careful and prudent manner, the machinery commenced suddenly to revolve, and caught the plaintiff's hand and injured it, and that it was occasioned because the place was dark and not a reasonably safe place to work, then you will find a verdict for the plaintiff, unless you further believe and find from the evidence that plaintiff, himself, was guilty

of negligence contributing to his injury, or that he assumed the risk of injury, in doing the work at the time and place in question, as defined in other instructions herein.'' The defendant insists that in the light of Bradley v. Railroad, 138 Mo. 293, and Sinberg v. Falk Co., 98 Mo. App. 546, it is faulty in that it ''absolutely required it to furnish plaintiff a reasonably safe place to work and authorized a recovery if it did not do so without regard to whether it was reasonably safe as the nature of the business would permit.''

The common law enjoins upon the master the duty to furnish the servant a place where the work is to be carried on that is reasonably safe. Many of the adjudications supporting this statement of the law will be found cited in Musick v. Packing Co., 58 Mo. App. 323; Zellars v. Water & Light Co., 92 Mo. App. 107, and in Thompson on Negligence, Rules, etc., p. 1405, et seq. But this rule is not without its exceptions, one of which is that where the place in which the servant is required to work the conditions are continually changing, or where the changing conditions are created by him, as, for example, when he is engaged in the work of railway construction, street grading, the erection of buildings, and the like, then the place is required to be as safe as such conditions will permit. The application of this exception is well illustrated by the two cases just cited. This case falls within no exception of the rule. Here, the place where the plaintiff was required to work was located in a manufacturing establishment. It was fixed stationary and not shifting. Here there was no changing of the existing conditions and therefore the rule and not the exception was applicable.

The petition is not a pleading that one would at once recognize as having come from the hand of an accomplished artist, but while this may be so we think it will be seen from an examination of so much of it as we have hereinbefore transcribed states a good cause

of action and that the hypotheses of the instruction in question are within the limits of the issue.

It appears from the evidence that the machinery used in the shaft was defective and out of repair and that it very frequently became so choked and clogged by the fine dirt which accumulated at the bottom of such shaft that it would not run until such accumulation was removed. The bottom of the shaft was in a sub-cellar which was dark, and without the help of artificial light the physical conditions there could not be discerned. The defendant sometimes furnished its employees descending to the sub-cellar to remove the clog in the machinery a torch to light the cellar. At the time the plaintiff was hurt there was no torch accessible to him. The plaintiff who was placed in charge of the elevator machinery in the shaft finding that it would not further run because it was clogged at the bottom of the shaft, went down there as he had many times before, and there in the darkness then prevailing took a spade and proceeded to remove the cause of the clog, and while so doing the machinery started and caught his shovel, whereby his fingers were jerked in and injured by the cups or buckets. On the day of the plaintiff's injury the machinery had become clogged and had stopped two or three times before the time plaintiff was injured. The evidence was to the further effect that the plaintiff on account of the darkness could not see the bottom of the shaft and that he had to simply feel to get the dirt that had run down the shaft and stopped the machinery. If the bottom of the shaft where it was the duty of plaintiff to go to perform the work there required was a place that was rendered dangerous and unsafe by the neglect of the defendant to light the same and that the plaintiff was injured in consequence of such neglect, then there is liability.

The master's duty extends to the procurement of and keeping in repair, all the appliances necessary for the safe performance of the servant's duties, and any

failure in these respects in a breach of duty to his servants. Railroad v. Taylor, 69 Ill. 461, was where a brakeman was signaled upon a very dark night to make a flying switch and owing to the insufficiency of the brakes and an insufficiency of lights the brakeman was hurt, and the defendant was held liable. Wood on Master & Servant, sec. 398. The plaintiff's duties required him to unclog the defendant's elevator at the bottom of the shaft where darkness prevailed, and if the defendant failed to furnish light sufficient to enable him—plaintiff—to perform that duty with reasonable safety then it is liable for the injury resulting in consequence of such failure. The following authorities support this conclusion: Musick v. Packing Co., 58 Mo. App. 323; Irtmer v. Brewing Co., 69 Mo. App. 17; Sawyer v. Paper Co., 90 Maine 354; Syrup Co. v. Carleson, 155 Ill. 210; Haley v. Transit Co., 76 Wis. 344; Craig v. Saratoga, 87 Fed. Rep. 349; Lumber Co. v. Rowen, 58 Fed. 668. It is, therefore, our conclusion that the plaintiff's said instruction embodied a correct expression of the law under the pleadings and evidence and was properly given.

Perceiving nothing in the record requiring that the judgment be overthrown, it will accordingly be affirmed. All concur.