ALOIS ZACHRA, Appellant, v. AMERICAN MANUFACTURING COMPANY, Respondent.

St. Louis Court of Appeals. Argued and Submitted April 5, 1911. Opinion Filed July 15, 1911.

1. NEGLIGENCE: Pleading: Res Ipsa Loquitur. The *res ipsa loquitur* doctrine may be invoked only when there is a general allegation of negligence in the petition, unaccompanied by a recital of specific acts that go to the breach of duty relied upon.

2. ———: ———: Joinder of Specific and General Allegations. Where a petition contains a general allegation of negligence as well as specific allegations concerning the particular defect charged to have caused the injury, plaintiff will be required to prove the specific allegations as laid.

3. MASTER AND SERVANT: Injuries to Servant: Sufficiency of Evidence. In an action by a servant for injuries alleged to have been caused by the master's negligence in furnishing defective appliances, evidence *held* insufficient to sustain the charge of specific negligence.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

AFFIRMED.

*Hall & Dame* for appellant.

(1) The facts shown as to the condition, size and number of broken bolts and supports of the shaft which fell, the fact that the bolts or screws holding the journals had worked loose and had to be tightened, the coming off of the ropes a short time prior to the accident showing the shaft and sheave not properly or accurately in alignment was circumstantial evidence of negligence sufficient to support a verdict in favor of plaintiff.   6 L. R. A. (N. S.) 337, Note; 28 L. R. A. (N. S.) 586, Note and 591 Note; Bowen v. R. R., 95 Mo. 286; Deckard v. R. R., 111 Mo. App. 117.   (2) Plaintiff is entitled to the benefit of the maxim *res ipsa loquitur* because:   (a) The accident was of the class that do not ordinarily occur when due care has been exercised.   (b) The thing causing the injury was under the control of the defendant.   (c) The burden was cast upon the defendant to explain the occurrence.   (d) The cause of the accident was peculiarly within the knowledge of the defendant and not within the knowledge of the plaintiff.   Fleischman v. Ice & Fuel Co., 148 Mo. App. 117; Gallagher v. Illuminating Co., 72 Mo. App. 576; Rice v. R. R., 131 S. W. 374; Scharff v. Const. Co., 115 Mo. App. 157; Sackewitz v. Mfg. Co., 78 Mo. App. 144; Capithorne v. Hardy, 173 Mass. 400; Houston v. Brush, 66 Vt. 331; Graham v. Badger, 164 Mass. 42; Chenall v. Brick Co., 117 Ga. 106; Turner v. Harr, 114 Mo. 335; Johnson v. R. R., 104 Mo. App. 588; Ristau v. Coe Co., 104 N. Y. Supp. 1059.

*Percy Werner* for respondent.

(1) The doctrine of *res ipsa loquitur* does not apply to the facts in this case.   Breen v. Cooperage Co., 50 Mo. App. 202; Beebe v. Transit Co., 206 Mo. 419; Hamilton v. Railroad, 123 Mo. App. 619; Haynie v. Packing Co., 126 Mo. App. 88.

(2)   Even if this were a proper case for the application of the doctrine of *res ipsa loquitur*, plaintiff having pleaded specific negligence, cannot resort to that doctrine to make out his case.   Orcutt v. Century Bldg. Co., 201 Mo. 425; Black v. Railroad, 217 Mo. 672; Crawford v. Traction Co., 137 Ill. App. 163.

REYNOLDS, P. J.—While plaintiff was at work in the hemp factory of defendant, running hemp through a machine, a heavy, rapidly revolving iron shaft and its fastenings and supports and certain pulleys and a wheel or sheave, around which ran several strands of rope, fell, and the disengaged or loosened strands of rope wound around the body of plaintiff and whipped and jerked and dragged him with great force and violence, injuring him in his stomach and bowels and head and arms, as it is alleged in the petition.   Quoting from the statement of the petition as made by counsel for appellant, the negligence charged is that "defendant furnished plaintiff an unsafe and dangerous place in which to work in assigning him to work under and near to the said machinery and under the transmission ropes, which place was unsafe and dangerous in 'that said shaft and the machinery connected with it as aforesaid, were insecurely, defectively and negligently by defendant fixed, fastened and supported in place, that the hangers or supports of said shaft were fastened by bolts to said timbers, and that the said timbers had become old and weakened and that the said hangers or supports were too small and were not of a size and strength commensurate with the strain upon them, and that the said bolts were too few and too weak to bear in safety the weight and strain of said machinery, and that by reason of the defects aforesaid, and each of said defects, there was danger of said machinery breaking from its supports and falling and injuring persons working near and under it, and danger of its

injuring plaintiff while he was at the work aforesaid; and—that defendant knew, or by the exercise of ordinary care could and would have known of the danger aforesaid and that it was not reasonably safe for plaintiff to work under and near said machinery as aforesaid.' And the petition charged that the fall of the machinery and the injury to plaintiff were the direct result of defendant's said negligence." The sub-quotation is from the petition.

The answer was a general denial except as to the corporate character of the defendant, which was admitted.

According to the printed statement of appellant's counsel, "the plaintiff's testimony tended to show that plaintiff was injured by the fall of a shaft and the machinery connected with it from its place above where plaintiff was stationed at his work taking hemp from a mill; that the injury to plaintiff was the result of his being caught and struck by large ropes which were driven by steam power around a large wheel or sheave on the shaft which fell.

"There was evidence as to the number and size of the supports of the machinery and the number of bolts in the hangers or fastenings, and as to their arrangement. There was testimony that some of the hangers broke and that in others the bolts broke or pulled out. There was testimony that the ropes had come off of the sheave and had to be replaced shortly before plaintiff's injury and that the screws or bolts of the fastenings became loose and had to be tightened, and there was evidence that a large opening was made in the floor above the shaft preparatory to adding new machinery to the shaft. It further appeared from the evidence that plaintiff had nothing to do with the construction or care of the machinery. His only work was that at which he was engaged at the time of his injury, that of carrying away hemp from one of the mills or machines."

Defendant offered no testimony but at the close of plaintiff's testimony interposed a demurrer which the court gave, whereupon plaintiff took a nonsuit with leave, etc., and filing that motion, which was overruled and exception saved, has duly perfected his appeal to this court.

A careful reading of the testimony in the case fails to show any evidence tending to support the specific assignments of negligence on the part of the employer in the construction and maintenance of the machinery in question or that the falling of the shaft and the consequent whipping of the ropes, which resulted in injury to plaintiff, were caused by any of the defects set out in the petition. In short, there was an entire failure of proof of the acts of negligence charged, or that the matters in evidence touching the character of the machinery had caused the accident; least of all that defendant knew or had cause to know of any insufficiency or danger in the construction of the machinery. The learned counsel for plaintiff, possibly conscious of this, falling back upon the doctrine of *res ipsa loquitur*, now claims that because the employer was bound to give his employee a reasonably safe place to work, that the accident itself shows that he had failed in this duty. However that may be, no such case is stated in the petition, which is not founded or so framed as to entitle plaintiff to fall back on the doctrine of *res ipsa loquitur*, even conceding that as a workman in the employ of the defendant, he is entitled to the benefit of that doctrine.

Judge THOMPSON, speaking for this court in Dougherty v. Missouri Pacific Railroad Company, 9 Mo. App. 478, has made a very clear statement of the doctrine of *res ipsa loquitur* and as to when it applies. Many other cases follow the Dougherty case. It may be said to be the leading case in our state on the rule *res ipsa loquitur*.

This court, in Gibler v. Quincy, O. & K. C. R. Co., 148 Mo. App. 475, 128 S. W. 791, has held that all of the authorities in this state with which we are familiar are to the effect that by pleading specific acts of negligence, the plaintiff asserts his ability to prove the same as laid and for that reason he is required to do so even though the doctrine of *res ipsa loquitur* might apply under a general allegation unaccompanied by averments of such specific acts. As said in the Gibler case, so it can be said in the case at bar: There is no proof in the present record tending to establish any specific act of negligence against (the employer) or any other person for that matter. In the case at bar as in the Gibler case, the learned counsel for the appellant in a manner concedes the insufficiency of the testimony to establish the specific negligence alleged and now attempts to rely. upon the doctrine of *res ipsa loquitur*. It might be in this case that had the appellant relied solely upon a general charge of negligence, he would be entitled to recover. On that we express no opinion as it is not in this case. But he has not seen fit to plead in that manner but has alleged specific acts of negligence and specific defects in the machinery, not one of which he has established by even a scintilla of evidence as even leading to, much less causing the accident. As we have said in the Gibler case, the general rule obtains to the effect that specific acts of negligence pleaded or relied upon for recovery must be proved, and when the allegation of negligence is general in character only and unaccompanied by a recital of the specific acts which go to the breach of duty relied upon, the doctrine of *res ipsa loquitur* may be invoked. Nor is there any doubt that one may join in a petition an allegation of general inegligence with averments of specific acts touching the same matter of complaint, but when the petition contains a general allegation of negligence and proceeds to aver specific matters of fact as to the partic-

ular defects which are alleged to have been the cause of the accident, the specific averments are preferred to and take precedence over the general allegation as to the same subject-matter and plaintiff must be held to prove the specific allegations of fact as laid.

Our Supreme Court has held to the same effect in Black v. Metropolitan St. R. Co., 217 Mo. 672, 117 S. W. 1142, where in the separate concurring opinion of Judge GRAVES (1. c. 686) the matter is gone into more fully than in the main opinion. Judge GRAVES there says that there was no necessity of plaintiff averring specific acts or defects, "but having done so he is bound by the statements of his petition." He further says that why plaintiffs persist in these specific allegations, "both as to acts of negligence and other matters, in cases where the doctrine *res ipsa loquitur* applies, is a matter we do not understand."

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.*, concur.

