ALOIS ZACHRA, Respondent, v. AMERICAN MANUFACTURING COMPANY, appellant.

St. Louis Court of Appeals. Argued and Submitted December 1, 1913. Opinion Filed December 31, 1913.

1. EVIDENCE: Statements of Counsel: Probative Force. In an action against a corporation, prosecuted on the theory that it had assumed the obligations of another corporation, which was primarily liable for the cause of action counted upon, and was, therefore, liable to plaintiff, defendant's secretary testified that defendant had taken over the assets and assumed the liabilities of the other corporation, and defendant's counsel then stated that he was "inclined to think there was no such assumption of liability." *Held,* that the statement of counsel was no evidence, one way or the other.

2. APPELLATE PRACTICE: Binding Effect of Theory at Trial: Corporations. Where the petition did not aver that defendant corporation was the successor of the corporation primarily liable for the cause of action counted upon nor that it had taken over the assets or assumed the liabilities of such other corporation, but the case was tried on the theory that defendant was liable because of such assumption and evidence tending to substantiate it was introduced by plaintiff without objection on the part of defendant, it was proper for the court to submit the case to the jury on such theory.

3. CORPORATIONS: Assuming Liabilities of Other Corporation: Pleading: Variance. Where the petition did not aver that defendant corporation was the successor of the corporation primarily liable for the cause of action counted upon nor that it had taken over the assets or assumed the liabilities of such other corporation, but the case was tried on the theory that defendant was liable because of such assumption, evidence tending to substantiate it was at most a variance, and did not amount to a failure of proof, and appellant would not be heard to urge the variance as error, on appeal, in as much as it did not object to the introduction of such evidence nor file an affidavit of surprise, as required by Sec. 1846, R. S. 1909.

4. PLEADING: Variance: Mode of Objecting. Advantage cannot be taken, on appeal, of a variance between the pleadings and the proof, unless the objection was raised as provided by Sec. 1846, R. S. 1909.

5. CORPORATIONS: Taking Over Assets of Other Corporation: Liability of Transferee. A corporation which takes over the business of another corporation and succeeds to its franchises and property, and is, in short, the same entity under another name, is liable, even at law, for the liabilities of the other corporation.

6. APPELLATE PRACTICE: Reviewing Sufficiency of Evidence: Complete Abstract of Evidence Required. Where appellant stated in his abstract of the record that he had printed only such parts of the evidence as were relevant to the questions presented for decision, the appellate court was not required to consider the sufficiency of the evidence to support the judgment, since appellant, with whom the duty lay to present it to the appellate court, omitted to present all of it.

7. COURTS: Circuit Courts: Presumption of Right Action. A circuit court, being a court of general jurisdiction, is presumed to have acted correctly.

8. CONSTITUTIONAL QUESTION: Time for Raising: Appellate Practice. In order for one to avail himself of a constitutional right which has been denied, he must raise the question at the first opportunity; and hence where an appellant, in his motion for rehearing filed in the Court of Appeals, alleged that if the judgment of affirmance rendered by the court should stand, appellant would be deprived of its constitutional rights, a constitutional question was not presented for determination, since that question could and should have been raised when the judgment was rendered in the trial court.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillen*, Judge.

AFFIRMED.

*Percy Werner* for appellant.

(1)  The trial court erred in refusing to direct a verdict for the defendant.  (a)  The testimony of plaintiff's own witness, Murray and the documentary evidence, show conclusively that the defendant in this case was not in existence in the month of October,

Zachra v. Manufacturing Co.

1906, and consequently that plaintiff could not have been in its employ at that time. (b) The testimony of plaintiff's own witnesses, and the documentary evidence, show with equal conclusiveness that the corporation by which plaintiff was employed in October, 1906, was a different corporation from the present defendant, that said former corporation is now in the hands of the St. Louis Union Trust Company, as trustee, for the purpose of collecting its assets, paying its liabilities, and distributing its remaining funds to its stockholders. (2) A judgment against this defendant, the Massachusetts corporation, will not bar a subsequent action against the West Virginia company or its trustee. (3) Even if it were true, which it is not, that the present defendant had assumed the liablities of the former corporation, the one by which plaintiff was employed, plaintiff could not recover in this action, since his cause of action is not based upon such a state of facts, is not a proceeding in equity to compel the defendant to pay this alleged liability of the former corporation, but is an action at law by an alleged employee to recover from his alleged employer damages for an injury suffered while in the employ of the defendant itself. (4) To allow a recovery against one corporation for a tort committed by another and different corporation would infringe that provision of the Fourteenth Amendment to the Constitution of the United States, forbidding any State to deny to any person within its jurisdiction the equal protection of the laws.

*Hall & Dame* for respondent.

(1) The corporation which answered as the defendant is the same corporation that owned and operated the plant mentioned in October, 1906. The Massachusetts Company was a mere continuation of the West Virginia Company and was identical as a

corporate body with it, and is liable for its torts. Palmer v. Railroad, 142 Mo. App. 633; Goode v. Land, Lumber & Handle Co., 153 S. W. 1107; Hunter v. Vehicle Co., 190 Fed. 665; Jones v. Francis, 127 Pac. 307; Langhorne v. Railroad, 91 Va. 369; Grenell v. Gas Co., 112 Mich. 70; Austin v. Bank, 49 Neb. 412; Friedenwald v. Cigarette Co., 117 N. C. 544; Berry v. Railroad, 52 Kas. 774; Railroad v. Pruitt, 134 Ind. 557; Railroad v. Maffitt, 75 Ill. 524; State v. Railroad, 77 Maryland 489; Railroad v. Boyd, U. S. Sup. Ct., 228 U. S. 482; Coffey v. Bank, 46 Mo. 140; Blank v. Mining Co., 95 Cal. 524; 2 Cooke on Corporations (4 Ed.), 1354; Jennings Neff & Co. v. Ice Co., 159 S. W. 1088; Parsons Co. v. Hamilton Co., 78 N. J. L. 309; Cooper v. Light & R. Co., 35 Utah, 570; Seymour v. Railroad, 132 Pac. 427. (2) The affidavit in defendant's answer has no bearing upon the issues. The defendant could not deny its own existence. Hammar v. Carriage Co., 155 Mo. App. 441; Meyer Bros. v. Ins. Co., 73 Mo. App. 166; Donk Bros. v. Aronson, 102 Mo. App. 590; Flynn v City of Neosho, 114 Mo. 567; Eubanks v. Edina, 88 Mo. 654; Witthaus v. Railroad, 64 Mo. 523. (3) By appearing and going to trial as defendant the party answering admits that it is the defendant, that is, the party sought to be charged, and the corporation answering is thus precluded and estopped from claiming that it is a different corporation from the one described in the petition as owning and operating the plant where plaintiff was injured in October, 1906. The name is the same. The dropping of "The" from the name is inconsequential. Hammar v. Carriage Co., 155 Mo. App. 441; Dist. v. Thompsen, 116 Fed. 832; Newcomb v. Railroad, 182 Mo. 687; Realty Co. v. Packing Co., 112 Mo. App. 271; Railroad v. Shirley, 20 Kan. 660; Kelly v. Mississippi Cr. Co., 1 Fed. 564; 10 Cyc. 145; Railroad v. Anderson Co., 150 S. W. 239; Forbes v. McDougle, 150 S. W. 745; R. S. 1909, secs. 2978, 3021, 3339, 3037, 3360. (4) The judgment bars

a subsequent action against either the old or the new company. This follows as a necessary result from the rules laid down in the authorities under point I, supra. (5) The service and return of the writ was sufficient to bring the West Virginia Company into court if that company were not the same as the Massachusetts Company. The return of the sheriff is conclusive as to that. Newcomb v. Railroad, 182 Mo. 687; Realty Co. v. Packing Co., 112 Mo. App. 271. (6) In any event plaintiff could maintain this suit. Whatever the relation of the Massachusetts Company to the West Virginia Company, the former assumed the assets and liabilities of the latter, and is liable to plaintiff, and plaintiff is not required to prosecute two suits. Any variations, between pleading and proof are immaterial and even if material are not taken advantage of as required by statute. Coffey v. Bank, 46 Mo. 140; Jones v. Francis, 127 Pac. 307; Langhorne v. Railroad, 91 Va. 369; Friedenwald v. Tobacco Works, 117 N. C. 544; Sharples Co. v. Creamery Co., 111 N. W. 783; Freeman v. Tel. Co., 160 Mo. App. 271. (7) The party answering and defending had full knowledge of plaintiff's claim and that a suit by plaintiff on this same subject of action was pending at the time of the alleged change from a West Virginia to a Massachusetts Company. If the latter company desired to keep aloof it should have filed motion to quash the sheriff's return. Zachra v. Mfg. Co., 159 Mo. App. 96, is a part of this court's records, and the evidence in this present suit referred to that suit. Forbes v. McDougle, 150 S. W. 745; Seymour v. Railroad, 132 Pac. 427.

REYNOLDS, P. J.—Plaintiff brought his action against the defendant American Manufacturing Company, a corporation, averring that defendant is a corporation duly organized and existing and doing business under the laws of the State of Missouri, and

that it is now and at the time thereinafter mentioned in the petition, was the owner of, and engaged in operating, a certain hemp manufacturing plant, at Ninth and Barry streets in the city of St. Louis. Averring that on October 15, 1906, and while he was in the employ of defendant at the plant above mentioned, and under the direction of defendant was engaged in doing a particular piece of work, plaintiff avers that he was injured through the negligence of defendant, and for that injury he claims judgment in the sum of $4000.

A writ was issued directed to the sheriff of the city of St. Louis, commanding him to summon "American Manufacturing Company, a corporation," to appear before the court to answer the complaint of Zachra. The sheriff returned this as served "on the within named defendant, the American Manufacturing Company, a corporation," by delivering a copy of the writ and petition to "H. R. Murray, secretary of the said defendant corporation, he being in said defendant's usual business office and in charge thereof. The president or other chief officer of said defendant could not be found in the city of St. Louis at the time of service."

The defendant appearing, answered, denying that it was a corporation duly organized and doing business under the laws of the State of Missouri, denied that it was at the time mentioned the owner of and at the time engaged in operating the hemp manufacturing plant specified in the petition and denied each and every other allegation in the petition. Along with this answer, an affidavit of H. R. Murray was filed, setting out that he is the secretary of American Manufacturing Company; has read the statements in the answer relative to the incorporation of the defendant; that they are true and that said American Manufacturing Company which now owns and operates the plant mentioned in the petition was organized under

the laws of the State of Massachusetts on April 13, 1910, and did own and operate the plant at the time it was served with a copy of the writ and petition in the case and that this defendant was not in existence and did not own or operate the plant at the time mentioned in the petition, to-wit, October, 1906. There was no reply.

The only point involved in this appeal turns on the identity of the defendant served with the corporation which owned the plant at the time of the accident in 1906, and its liablity for the tort, that liability accruing and the injury sustained when the plant was owned and operated by another corporation called "The American Manufacturing Company." The latter, as appeared by the evidence in the case, was a corporation organized under the laws of the State of West Virginia and licensed to do business in this State, the certificate of the Secretary of State, issued August 20, 1891, showing that, and also that it was a corporation with a capitalization of $2,794,500, and that the amount of its capital stock represented in the State of Missouri was $450,000. An affidavit of retirement from business in this State by "The American Manufacturing Company," above mentioned, was also in evidence, it appearing that it was filed with the Secretary of State January 15, 1911. It was further in evidence that on January 10, 1911, a license to do business in this State was issued by the Secretary of State to "American Manufaturing Company," incorporated under the laws of the State of Massachusetts, its capitalization stated at $6,000,000, and the amount of its capital stock represented by property located and business transacted in this State being $1,578,000.

While the secretary of defendant company was on the witness stand as a witness, called by plaintiff, in answer to a question from counsel for plaintiff as to whether as a matter of fact American Manufacturing

Company of Massachusetts was the same concern so far as its officers and property and so far as its business is concerned, as the former, The American Manufacturing Company, organized under the laws of West Virginia, he answered that the first named company, the Massachusetts corporation, by arrangement had assumed the assets and liabilities of the West Virginia Company some time in December, 1910. Counsel for defendant called the attention of the witness to the fact that this arrangement was in writing, and objected to this statement, on the ground that the writing would show the agreement between the parties. Asked by the court if the agreement was not in court in possession of counsel, counsel said: "I do not know if we can produce it, but if we can we will be glad to do so. I am inclined to think there was no such assumption of liabilities, because I understand there are trustees of the West Virginia Company now in existence and in charge of its affairs, who are settling any claims against the West Virginia Company." Asked if that was not correct, the witness answered that it was. But he testified that the Massachusetts Company had been formed to take over the business of the old company and had been operating it since 1910. This witness, asked if it was not true that the only difference between the management of the company at the time plaintiff was injured and now, is in the name, answered, "Yes, the name and under the law of the two different States;" that the plant operated was the same; operated with substantially the same officers and employees; that the change is a change of form under the laws of different States.

It is stated in the abstract that there was testimony as to the accident, tending to prove that it had occurred in October, 1906, at the plant then being operated and owned by the West Virginia corporation.

At the conclusion of the testimony for plaintiff, as well as at the conclusion of all the testimony in the

case, demurrers to the evidence were interposed by defendant and were overruled.

At the instance of plaintiff the court instructed jury, that if they found from the evidence "that defendant was a corporation and owned and operated the hemp manufacturing plant at Ninth and Barry streets, St. Louis, Missouri, mentioned in the evidence, on or about October 15, 1906, and that at said time plaintiff was in the employ of defendant at its said plant," etc., setting out the facts as to the accident, plaintiff was entitled to recover. At the instance of defendant, the court instructed the jury that if they found from the evidence that defendant was not in control and managing the plant in question in the year 1906, and that plaintiff was not in the employ of this company at the time of the accident in question but was in the employ of another corporation, which owned and operated the plant at that time, their verdict should be for defendant.

The jury returned a verdict in favor of plaintiff and against defendant in the sum of $2000, from which, interposing a motion for new trial and excepting to that, as well as to the adverse ruling of the court on the demurrers, and to the giving and refusing of instructions, defendant has duly perfected its appeal to this court.

The facts attendant upon the accident, it is stated by counsel, were involved in Zachra v. American Manufacturing Co., 159 Mo. App. 96, 139 S. W. 518. On the judgment there being affirmed, plaintiff instituted this, a new action.

The evidence, without contradiction, is to the effect that there were two corporations, one organized under the laws of the State of West Virginia, the other under the laws of the State of Massachusetts, the latter the defendant here, and that is practically conceded as a fact, respondent claiming that the defendant had assumed or became liable for the debts of this

West Virginia corporation, the latter not impleaded. Each of them was authorized, as foreign corporations, to transact business in this State. So that the averment in the petition, that defendant, meaning by that the Massachusetts corporation, was doing business under the laws of this State, is correct, although it was not a Missouri corporation. That this defendant, the Massachusetts corporation, was not doing business in this State, or the owner and operating the plant at the time of the accident which is the foundation of the cause of action, is clear. It is equally clear that in 1910, the West Virginia corporation retired from business in this State and the Masachusetts corporation, the defendant here named and summoned, bought out its property, its plant, and took over the business which the West Virginia corporation had formerly carried on in this State.

The sole question to be determined was whether the Masachusetts corporation was liable for the obligation of the West Virginia one. We have set out the testimony on this phase of the case. It shows that the executive officers, with one or two exceptions, one of those exceptions being the secretary, and probably a majority of the stockholders of the two corporations, were the same. The stock of the one had been exchanged, share for share, for that of the other. The plant was the same. The secretary of this defendant testified that the one company had been formed to take over the business and property of the other and that it had done so. It appears that when one company took over the assets of the other, it was by a written agreement. That was not produced. All that counsel himself would say of it, after the secretary of the defendant had testified that the Massachusetts corporation had assumed the assets and the liabilities of the West Virginia corporation, in December, 1911, that he, counsel, was ''inclined to think there was no

such assumption of liabilities.'' That is no evidence one way or the other.

While it is true that there are no averments that the one corporation is the successor of the other, or had taken over the assets or assumed the debts of the other, the case was tried on that theory, and without objection by the defendant. That being so, the court was justified in submitting the issue to the jury as it did by the instruction given at the instance of plaintiff and defendant. [Litton v. Chicago, B. & Q. R. Co., 111 Mo. App. 140, 85 S. W. 978.]

Having been so tried, without objection on the part of appellant, it is too late to raise, in the appellate court, the point of departure or of the lack of sufficient averments. There is here no total failure of proof—at most it is a case of variance, and that is only to be raised as provided by the statute. [Mellor v. Missouri Pac. Ry. Co., 105 Mo. 455, 1. c. 464, *et seq.*, 16 S. W. 849.]

There was substantial evidence, admitted without objection, of identity of the two corporations, of transfer of all the property of one to the other, and of assumption by one of the liabilties of the other. The authorities are numerous in support of the proposition that when one corporation takes over the business of the other and succeeds it in its franchise and property, is, in short, the same entity under another name, the one is liable, even at law, for the debts of the other. Without citing the decisions of our own courts, for they are well known, in Austin v. Tecumseh National Bank, 49 Neb. 412, will be found an illuminative discussion of this proposition, and review of the decisions of courts of other States upon it. [See, also, Indianapolis, Cincinnati & Lafayette R. R. Co., 29 Ind. 465, where this precise point is decided the same way.]

Appellant states in his abstract that he has printed only such portions of the evidence as are relevant to the question presented for decision. In this

state of the record, we are not required to consider the sufficiency of the evidence to support the judgment, in any event, for the reason appellant, upon whom the duty lay to bring it here, has omitted to present it all. The presumption must go in aid of the circuit court, that a court of general jurisdiction, that it acted rightly in the premises. Therefore, when its finding is challenged as being unsupported by the evidence, it is not competent for counsel to print in the abstract only such testimony as is, in his opinion, relevant, and especially is this true when the case comes here in the short form provided under the statute. To permit counsel to print only such testimony as is, in his opinion, relevant to the issue and then ask that the verdict be set aside for the insufficiency of the testimony is to abdicate the power of the court with respect to such opinion. It is for the appellate court, and not the counsel, to say whether the evidence is relevant and sufficient. It appearing as it does that counsel has not brought up all of the evidence introduced in the case and that his only point made is a challenge of its sufficiency, the judgment should be affirmed on this ground alone. [Reed v. Peck, 163 Mo. 333, 63 S. W. 734; Davis v. Vories, 141 Mo. 234, 42 S. W. 707; John Schoen Plumbing Co. v. Brewing Co., 126 Mo. App. 268, 102 S. W. 1064; Nash v. Kansas City, etc., Brick Co., 109 Mo. App. 600, 83 S. W. 90; Ogelbay v. Kansas City College of Dental Surgery, 71 Mo. App. 339; Epstein v. Hammerslough Clothing Co., 67 Mo. App. 221; Furstenfeld v. Furstenfeld, 152 Mo. App. 726, 131 S. W. 359.]

The attention of counsel for appellant was called to this defect in his abstract by timely motion, which we overruled, with leave to counsel to file an additional abstract, if desired. This, counsel has failed to do.

Counsel for appellant, after the filing of the original opinion herein, moved to transfer this cause to the

Supreme Court of the State on the ground that appellant, in its motion for rehearing, has assigned as a ground that if our judgment of affirmance stands, appellant will be deprived of its property without due process of law, in violation of section 30, article 2, of the Constitution of this State and of the first section of the Fourteenth Amendment to the Constitution of the United States.

Our Supreme Court has held in very many cases that if parties desire to avail themselves of a constitutional right which has been denied, they must raise the question at the first opportunity. That was present in this case, if there is anything in appellant's point, when the verdict and judgment were rendered in the trial court. But the point was not then made either by motion for a new trial or by one in arrest.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.*, concur.

